JOHN ABLES V. THE STATE.

No. 10449.   Delivered December 15, 1926.

Rehearing denied March 2, 1927.

1.—Rape—Evidence—Contemporaneous Acts—Properly Admitted.

Where, on a trial for rape, the evidence disclosed that appellant slept with prosecutrix all night, in the same bed, his acts and attempts to have carnal intercourse with her, and the fact that he did have carnal intercourse with her twice during the night, were properly admitted in evidence.

2.—Same—Evidence—Harmless Error.

Where, on a trial for rape, appellant having himself testified that he had been married fifteen years, and had a wife and two children, there was no harmful error committed in permitting another witness to testify that appellant was a married man.

3.—Same—Cross-Examination—Of Appellant—Held Proper.

Where the appellant had testified that he had about a pint of "force" on the trip from Quinlan to Greenville, and admitted drinking some of it himself, and passing it to Jesse Hodges, there was no error in permitting the state to cross-examine him on this matter and show that "force" was intoxicating, and that he transported same from Quinlan to Greenville.

**4.—Same—Bill of Exceptions Multifarious—Rule Stated.**

It is well settled in this state that where a portion of the testimony, objected to in a bill of exception, is clearly admissible, and some part of the testimony is not admissible, if the objection urged in the bill is directed to all of such evidence generally, and not to any specific part thereof, such bill is multifarious and presents no error. Following Clark v. State, 237 S. W. 260, and other cases cited.

**5.—Same—Charge of Court—No Error Presented.**

Where appellant complains of the verbiage of the court's charge on the issue of the chastity of prosecutrix, in the use of the words "unchaste character," instead of "chaste character," we do not think the misuse of the word "unchaste" was calculated to mislead the jury, and under Art. 666, C. C. P., no reversible error is presented.

**6.—Same—Judgment and Sentence—Reformed.**

The court having failed to apply the indeterminate sentence law in this case, the judgment and sentence is now reformed and corrected to read, that his punishment shall be for not less than five nor more than twenty years in the penitentiary, and as reformed is affirmed. See Art. 847, C. C. P.

ON REHEARING.

**7.—Same—Bill of Exception—As Qualified—No Error Shown.**

On rehearing appellant insists that there was error on the trial in permitting prosecutrix to testify as to three different acts of intercourse by appellant with her. Acts of intercourse with prosecutrix, occurring subsequently to the act relied upon for the conviction, are not ordinarily admissible, but the qualification to appellant's bill "that all subsequent acts of intercourse were at the same place and on the same night, as shown by the statement of facts," shows that the acts were all one transaction, and properly admitted as res gestae.

**8.—Same—Continued.**

In the light of this qualification, an examination of the statement of facts discloses that there was proof of but one act of intercourse, and two unsuccessful attempts to commit the act. The consideration of the statement of facts, in connection with the bill of exception, is supported by the cases of Elkins v. State, 101 Tex. Crim. Rep. 377, and Martin v. State, No. 10044, not yet reported.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of rape, penalty twenty years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, and *Jas. W. Bassett,* for appellant. On admission of subsequent acts of intercourse appellant cites Gross v. State, 135 S. W. 373; Greer v. State, 222

S. W. 985; Wiggins v. State, 84 S. W. 821; Rodriguez v. State, 256 S. W. 726; Barrett v. State, 73 S. W. 399, and McKnight v. State, 265 S. W. 892.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of rape in the District Court of Hunt County, and his punishment assessed at twenty years in the penitentiary.

The indictment charged the appellant with unlawfully having carnal knowledge of Ava Coomer, she being under the age of 18 years. Briefly stated, the record shows that the appellant, the prosecutrix, Jesse Hodges and Sadie Steger, about the 16th day of January, 1926, went in appellant's car from Quinlan, in Hunt County, to the town of Greenville, where they secured rooms for the night; and that the appellant and prosecutrix slept in the same bed in one room, while Hodges and Sadie Steger occupied another room. The undisputed testimony shows that the appellant was a married man about 37 years of age and that the prosecutrix at said time was about 16 years of age. The appellant admitted having intercourse with the prosecutrix, and it was not controverted but that same was with her consent. The appellant attempted to prove that the prosecutrix was of previous unchaste character by showing her familiarity with other boys, in permitting them to hug and kiss her, and he testified in addition thereto that she and Sadie Steger, before retiring on the night of the alleged offense, told him and Hodges of previous acts of intercourse with other boys, which was denied by the prosecutrix and Sadie Steger.

The record contains five bills of exception. In bill of exception No. 1 the appellant complains of the action of the court in permitting the state to show by the prosecutrix that on the night in question the appellant had more than one act of intercourse with her, the appellant contending that this amounted to proof of other and extraneous offenses on his part. The bill was approved, and accepted by the appellant, with the qualification that all the subsequent acts of intercourse were at the same place and on the same night, as shown by the statement of facts. The record discloses that the prosecutrix admitted that she slept with the appellant that night, and testified that the appellant made two unsuccessful attempts to have intercourse with her before succeeding on the third attempt. After a careful examination of this bill and the record, we are unable to

reach the conclusion that the testimony of the prosecutrix as to the appellant's attempts to have intercourse with her, and having intercourse with her thereafter, was of such a harmful nature as to require a reversal of this case, especially in view of the fact that all of said acts and attempted acts took place during the same night and in the same bed.

In bill of exception No. 2 complaint is made to the action of the court in permitting the witness, John Knighton, to testify that on the night of the commission of the alleged offense the wife of the appellant and his two children spent the night in the home of the witness, and that the appellant was not there during said night. The appellant contends that said testimony was prejudicial in that it showed the appellant to be a married man with a family. We are of the opinion that the admission of this testimony was not of such a harmful or prejudicial nature as to require a reversal of the case, for the reason that the state's witnesses, Mrs. Nellie Coomer, the prosecutrix and Miss Sadie Steger, had testified, without objection from the appellant, relative to the appellant's wife and family, and in addition the appellant, on his examination in chief, testified that he had been married about fifteen years and had a wife and two children. Under this state of the record, we fail to see how the testimony of the witness, Knighton, could have had such harmful effect as to prejudice the jury materially against the appellant in this instance.

In bill of exception No. 3 the appellant complains of the action of the court in permitting the state, on cross-examination, to prove by him "that it was a fact that prior to the commission of the alleged offense that he had drunk what was known as 'force'; that he had drank it a good many times and had bought it to drink; that he had used it as a substitute for whiskey when he could not get whiskey, and that 'force' was intoxicating, had the same effect as whiskey, and that he had received and transported it as an intoxicating liquor for beverage purposes." The appellant contends that this testimony was highly prejudicial, and was an attempt to show the commission of other and extraneous offenses not connected with the offense for which he was on trial. This bill, as presented, shows no error. The appellant, on his examination in chief, testified to having about a pint bottle of "force" while on the trip from Quinlan to Greenville and admitted drinking some of it himself and passing it to Jesse Hodges on the back seat. The prosecutrix and Sadie Steger also testified to drinking some of the "force" on said trip and to feeling the effects thereof, all of which was without objection.

The appellant also having testified to matters which were contradictory to statements made by the girls, we think it was permissible for the state to show on cross-examination, if it could, the effect of said "force" on the appellant's mind, in order to throw the proper light upon his mental condition and the weight to be given to his testimony. That much of the testimony was clearly admissible. Lewis v. State, 33 Tex. Crim. Rep. 618. A portion of the testimony objected to in the bill being clearly admissible, and the objection urged in the bill going to all of said evidence generally and not to any specific part thereof, the same is in contravention of the holding of this court in such matters and, as presented, shows no error. Clark v. State, 237 S. W. 260; Espalin v. State, 237 S. W. 274; Scoggin v. State, 273 S. W. 575; Nugent v. State, 273 S. W. 598.

In bills 4 and 5 complaint is made to the court's charge because, it is contended, same placed an undue burden upon the appellant to show that the prosecutrix was of unchaste character at the time of the alleged offense. As we understand this objection, the complaint urged to said charge is, in its last analysis, to the use by the court of the words "unchaste character" instead of "chaste character." Taking the charge as a whole, we do not think the misuse of the word "unchaste" was calculated to mislead the jury and was of such harmful character as to require this court to reverse the case, and under Art. 666, C. C. P., we overrule appellant's contention.

The court failed to aply the indeterminate sentence law in this case. Under Art. 847, C. C. P., said sentence is here and now reformed and corrected to read not less than five nor more than twenty years in the penitentiary, instead of being for twenty years.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court, as reformed, should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant challenges the disposition of his bill of exception No. 1 on the ground that we were controlled by the statement of facts rather than the bill. The bill recites

that "the state relied for the conviction upon an act of intercourse testified ·to by the said Ava Coomer, as having occurred on or about the 16th day of January, 1926, at a rooming house in the City of Greenville, Hunt County, Texas, the same being the first act of intercourse that said prosecutrix testified as having occurred. The defendant admitted the act of intercourse and defended upon the· ground that at the time of said act of intercourse upon which the state relied for a conviction, the said Ava Coomer was not a chaste female and was over the age of fifteen years, which was the only issue in the case. Upon direct examination the said witness Ava Coomer testified to the act of intercourse as having taken place in the city of Greenville on or about the date alleged in the bill of indictment, and after having so testified, and upon which act the state relied for the conviction, the said witness Ava Coomer was permitted, over the objections of the defendant, *to testify to other acts of intercourse as having taken place subsequent to and after the act upon which the state relied for a conviction, and which* `subsequent *acts the said witness testified to be three in number, and at different times and places,* and to the introduction of said testimony relating to the subsequent acts as well as the interrogatories eliciting said testimony, the defendant objected, * * *"

The bill was approved with the qualification "that all subsequent acts of intercourse were at the same place and on the same night as shown by the statement of facts." It is manifestly impossible for this court in any case to intelligently appraise a complaint based on the admission or rejection of testimony without reference to the facts which were in evidence, for it is only in the light of those facts that the ruling complained of can be estimated. Where the qualification on a bill of exception refers to the statement of facts this court has always gone to the latter record and considered what is there found in connection with the recitals in the bill. Haines v. State, 9 Tex. Crim. Rep. 410; Chalk v. State, 35 Tex. Crim. Rep. 116, 32 S. W. 534; Gallaher v. State, 40 Tex. Crim. Rep. 296, 50 S. W. 388; Carter v. State, 59 Tex. Crim. Rep. 73, 127 S. W. 219. The learned trial judge's explanation to the bill under consideration practically avers that the "subsequent acts" were proven but that they occurred on the same night and at the same place where the first took place, and apparently refers to the statement of facts for verification of his explanation. But when we examine the statement of facts it shows that prosecutrix only testified that appellant made two unsuccessful efforts to have intercourse with her before succeeding at the third

attempt.    Nothing is found relative to any subsequent act of intercourse.    Here, then, we find an instance of contradiction between the bill and statement of facts not arising from positive conflicting statements but by certificate in the bill that certain facts were proven when the statement of facts· is silent on the point.    It is the exact question found in Elkins v. State, 101 Tex. Crim. Rep. 377, 276 S. .W. 291, where it was held that the bill would control.    See also Martin v. State, (No. 10,044, decided on rehearing February 23, 1927).    However, taking the recitals in the bill in connection with the judge's qualification that the subsequent acts of intercourse occurred on the same night while prosecutrix and appellant occupied the same bed, we are of opinion it does not present proof of that character of independent acts of intercourse which calls for a reversal.    If more than one act took place they were incidents of the night's association, and in a sense were res gestae of the relations between prosecutrix and appellant on that occasion.

The other questions presented in appellant's motion are not thought to call for discussion.

The motion for rehearing is overruled.            .   *Overruled.*