ALVA HILL V. THE STATE.

No. 14885. Delivered March 9, 1932.
State's Rehearing Denied April 20, 1932.

The opinion states the case.

*Anderson & Woods,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

Appellant was charged with killing John R. Kiser by cutting and stabbing him with a knife. Prior to the date of the homicide appellant's father and deceased had had some trouble about stock running at large around the home of appellant's father. The transaction resulting in the homicide occurred near the home of deceased. According to state's witnesses, appellant was present when the difficulty began. The wife and children of deceased testified that appellant and his father attacked deceased. Appellant testified that he came upon the scene after the difficulty began; that deceased cursed his father, and his father struck him on the head with a stick; that deceased and his father then began fighting with knives; that he got between the parties and attempted to separate them; that he made no attack upon deceased and had no knife in his hand at the time of the difficulty. Deceased died from a stab wound received in the fight. There were several other wounds on him which the doctors testified were not of a serious nature.

Bill of exception No. 17 presents the following occurrence: Appellant testified that all he had to do with the difficulty was to separate deceased and his father; that when the fight was over he and his father drove immediately to the jail and that he then went to the residence of one Jared Hill to see about employing him to represent his father; that Jared Hill was away from home but his father, Judge J. W. Hill, was present; that he had a conversation with him not more than fifteen minutes after the difficulty occurred. Appellant offered to testify that he stated to Judge Hill at the time that his father and deceased had had some trouble, but that he did not know whether his father had killed deceased; that he had nothing to do with the difficulty except to separate the parties; that deceased threw a rock at him, but he jumped out of the

way. The state's objection to the proffered testimony was sustained. The court qualified the bill of exception as follows:

"While the jury was withdrawn the defendant testified that at the Hill home, just after the homicide, his father had told him 'to start the car and take him to town, that he wanted to go to jail and give up to the officers' and that at the jail, his father, George Hill, had told him 'to go up there (Judge Hill's) and see if he (Jared Hill) would not represent him as a defense lawyer.'

"Upon the state's objection to the defendant's testimony pertaining to his conversation with Judge J. W. Hill, the court announced that he would exclude the same for the time being, counsel for defendant taking their bill at that time. Afterward, Judge J. W. Hill was called as a witness by the defense, and in the absence of the jury, was questioned with reference to such conversation. With reference to the time that Alva Hill came to his home, he testified: 'We have supper about seven o'clock and my wife had just gotten up and went and got in the car and I guess I went in and got a cigar and came out the back way, and as I walked out I saw the car standing there and I started to get in and at the time Alva Hill came up. I would say it could not have been more than fifteen or twenty minutes after seven o'clock; I didn't fix those things in my mind.' "

As reflected by bill of exception No. 27, Judge J. W. Hill would have testified, if permitted, to substantially the same facts set forth in bill of exception No. 17. Among other things, Judge Hill testified, in the absence of the jury, that appellant told him that deceased was older than he was, and that he didn't touch him, and had nothing to do with the difficulty. He further testified that appellant appeared to be badly agitated at the time he made the statement to him.

The opinion is expressed that the two bills of exception manifest reversible error. From the bills, as qualified, it appears that the declarations sought to be introduced were made by appellant within not over fifteen minutes after the difficulty; that appellant was agitated at the time he made such declarations; that the declarations corroborated appellant's testimony given on the trial. The court does not attempt, in the qualification to the bills, to show that the statement was not made within fifteen minutes after the homicide. The time that the homicide occurred is not mentioned in the court's qualification nor in the bills of exception, other than the statement in said bills that the declarations were made not more than fifteen minutes after the homicide. From the bills of exception, the declarations appear to have been res gestae. The case of Fleming v. State, 101 Texas Crim. Rep., 19, 274 S. W., 616, presented a similar situation. In that case it was held that the declarations sought to be introduced were res gestae. In Branch's Annotated Penal Code, sec. 86, it is said that it is error to exclude statements of the accused made

a short time after the difficulty, where they were instinctively made and while under excitement.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In its motion for rehearing, the state assails the sufficiency of the bill of exception in which complaint is made of the rejection of the testimony of Judge J. W. Hill in which he would have related a statement made to him by Alva Hill, the appellant. The asserted fault in the bill, as understood, is that it does not sufficiently negative the theory that between the time Alva Hill had the conversation with Judge J. W. Hill there might have intervened some incident or conversation with some one which would interfere with the continuity essential to characterize the declaration of Alva Hill to Judge J. W. Hill as res gestae. From the state's motion for rehearing the following is taken: "The Court cannot infer that Alva Hill and his father did not talk the matter over and plan their defense while going from the place of the homicide to the jail; nor can it infer that Alva Hill did not, either going from the jail, at the jail, or in going from the jail to Judge Hill's, talk to some one about the killing and seek and obtain advice as to what he should say. Nor can the Court infer that other witnesses had not testified as to the time of the killing so as to fix the same so remote from the time that Alva Hill appeared at Judge Hill's home as to make it impossible that the conversation there was res gestae. Nor can the statement of facts be looked to in support of the bill."

According to the statement of facts, Alva Hill testified as follows: "After this trouble we walked straight on north from where the fight occurred to the car. My father got in the car and I cranked it and got in and we drove to town; we drove fast and we went direct to the jail. It took us five or six or seven minutes to come to town. I went straight to the jail with my father. I stayed at the jail probably two or three minutes and then went to Judge J. W. Hill's home to see if I could get Mr. Jared Hill to be my father's lawyer. I don't think that it was over fifteen minutes from the time I left our home until I was at Judge Hill's home. I had not talked to any one in the meantime and had not see any lawyer."

If the record is understood, after the foregoing testimony had been given by the appellant, the court, in the absence of the jury, heard testimony upon which the exclusion of J. W. Hill's testimony was based.

Such testimony before the court is embraced in the bill of exception under consideration, and is void of any testimony which would warrant the inferences suggested by the state's motion, by the trial court or by this court.

Rules of practice are to be given rational interpretation. Plummer v. State, 86 Texas Crim. Rep., 487, 218 S. W., 499. They are intended to facilitate and not to encumber the courts in the administration of justice. See Chicago, R. I. & G. R. Co. v. Pemberton, 106 Texas, 463, 161 S. W., 2, 168 S. W., 126. The rules of practice do not require that the appellate court completely ignore the statement of facts in appraising a bill of exception. See Martin v. State, 107 Texas Crim. Rep., 151 (see page 163), 295 S. W., 1098. See, also, Ables v. State, 106 Texas Crim. Rep., 169 (see page 175), 291 S. W., 554.

In the present instance, the bill of exception on its face, in the absence of any controverting evidence, is sufficient to show that the excluded testimony was admissible under the rule of res gestae. At the time of excluding it, the trial judge was made aware by the evidence before him that the appellant's testimony negatived the existence of any intervening fact or circumstance which would have discredited the contention of the accused that the testimony of Judge Hill was admissible. In passing upon the record, this court is likewise aware of the same facts that were possessed by the learned trial judge. As stated above, the bill is considered sufficient to show that the evidence demonstrates the harmful effect of its exclusion.

The motion is overruled.

*Overruled.*