## Bose Kirk v. The State.

### No. 147.   Decided October 26, 1910.

**1.—Unlawfully Carrying Pistol—Plea of Guilty—Practice in County Court.**

Where the court convened by law on the second of November to continue legally in session for eight weeks, and entered an order postponing the regular business of the docket to the seventh of December following, except jail cases, where the defendant was unable to give bond, a plea of guilty during such time was legal.

**2.—Same—Influencing Defendant to Plead Guilty—Discretion of Court.**

Where, upon conviction of unlawfully carrying a pistol, it appeared on appeal that there was a contest in the court below over the matter as to whether appellant was persuaded to enter his plea of guilty, which the court decided adversely to him, the judgment will not be disturbed.

Appeal from the County Court of Harrison.   Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of unlawfully carrying a pistol; penalty, twelve months confinement in the county jail.

The opinion states the case.

*Beard & Davidson,* for appellant.—On the question that the County Court had no power to receive a plea of guilty:   Cole v. State, 51 Texas Crim. Rep., 166, 101 S. W. Rep., 249.

On the question of overreaching defendant and inducing him to plead guilty:  Paul v. State, 17 Texas Crim. App., 583; Harris v. State, 17 Texas Crim. App., 559.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was given twelve months in the county jail under a plea of guilty for unlawfully carrying on and about his person a pistol. After the plea of guilty was entered a motion for new trial was made alleging the absence of his attorney and the fact that appellant was in jail and overreached and induced by some of the officers to plead guilty and that during the absence of his attorney and without consultation with him, appellant was brought before the county judge and entered a plea of guilty. This formed an issue with a decision adverse to appellant.  The

officers denied under oath having made the inducing statements ascribed to them. There was also contention that the court was not in session and under the circumstances powerless to receive. a plea of guilty; that the plea was had and entered virtually in vacation. The facts show that the court convened by law on the 2d of November to continue legally in session for eight weeks. The judge being absent there was no court held that day. The court was called and convened until the next day by the sheriff. On the following day, the 3d of November, the judge appeared and there was an order entered postponing the regular business of the docket to the 7th of December, except jail cases where the defendant was unable to give bond as well as such probate and civil cases as might be tried by agreement, which may be taken up at any time. This was entered upon the minutes of the court. We are of opinion under this record that the court was empowered to take the plea and that it was not entered in vacation. In regard to the other matter, that is, that appellant was over-persuaded to enter his plea of guilty we would state that in view of the contest as shown by the record and the decision of the trial court in regard to this matter, we do not feel justified in setting aside the judgment for this reason. As the record is presented to us we do not feel justified in disturbing the conviction, though it would appear that the punishment was very much out of the ordinary, especially in view of the fact that there was no pecuniary fine attached to the punishment, but confined exclusively to imprisonment with the limit in this respect given. However, we do not feel authorized under the circumstances to set aside the conviction.

The judgment is, therefore, affirmed.

*Affirmed.*

McCord, Judge, not sitting.