### John Moore v. The State,.

#### No. 5683. Decided February 25, 1920.

1.—Wife Desertion—Term of Court—County Judge.

Where it appeared from the record on appeal that the county judge was not present the first three days of the court, but did appear on the morning of the fourth day, opened his court and proceeded to business, this is a sufficient compliance with article 1778, Revised Civil Statutes. Following: Kirk v. State, 60 Texas Crim. Rep., 172.

2.—Same—Evidence—Irrelevant Testimony.

Upon trial of wife desertion, it was reversible error to admit testimony that defendant had been charged with shooting craps, and that the wife of the defendant was a good woman, and the testimony should have been excluded.

Appeal from the County Court of Erath. Tried below before the Hon. E. E. Solomon, judge.

Appeal from a conviction of wife desertion; penalty, a fine of $25 and fifteen days confinement in the county jail.

The opinion states the case.

*J. T. Daniel,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of wife desertion, and allotted a fine of $25 and fifteen days imprisonment in the county jail.

Motion in arrest of judment was made on the ground that the court did not meet until the fourth day of the term. The Revised Civil Statutes, Article 1778, provides that:

"Should the county judge fail to appear at the time appointed for holding the County Court, and should no election of a special judge be had, the sheriff of the county, or, in his default, any constable of the county, shall adjourn the court from day to day for three days: and. if the judge should not appear on the fourth day, and should no special judge have been appointed, the sheriff or constable, as the case may be, shall adjourn the court until the next regular term thereof."

It is shown beyond any question that the county judge was not present the first three days of the court, but did appear on the morning of the fourth day, opened his court and proceeded to do business. We are of opinion that this is sufficient compliance with the statute, Kirk v. State, 60 Texas Crim. Rep., 172.

There are two bills of exception in the record. The first was reserved to the action of the court permitting the State to prove that appellant had been charged with shooting craps, and evidence of Mr. Fulbright that he had gone on appellant's bond when he was arrested for such violation of. the law. The second bill was reserved to the testimony of a witness to the effect that the wife of appellant "was a good woman." The court states in a way that he permitted this testimony to go to the jury because appellant had been neglecting his wife. We are of opinion that the testimony as set forth in both bills should have been excluded. The fact that appellant may have played a game of craps would have no relevancy to show that he had deserted his wife. The reputation of the wife as being a good woman does not tend to prove that appellant deserted her or neglected to support her. The testimony in both instances we think inadmissible and should not have been introduced.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*