NORMAN LANGWELL V. THE STATE.

No. 10562.   Delivered January 26, 1927.

**Wife and Child Desertion—Evidence—Improperly Received.**

Where, on a trial for wife and child desertion, the state was permitted to prove that a few days after the appellant separated from his wife, he was seen driving down Main street with his arm around another woman, and was seen to kiss said woman, such testimony was erroneously admitted. The testimony had no relevancy to the issue of appellant having deserted his wife and child. Following Moore v. State, 87 Tex. Crim. Rep. 24.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ray W. Scruggs, Judge.

Appeal from a conviction for wife and child desertion, penalty a fine of $100.

The opinion states the case.

*Warren P. Castle* of Houston, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the County Court at Law No. 2 of Harris County upon an information and complaint charging him with wife and child desertion, and his punishment assessed at a fine of $100.

The appellant by bills of exception Nos. 1 and 3 complains of the action of the trial court in permitting the witness Florence Langwell to testify that a few days after her separation from the appellant she saw him on Main street in an automobile and in the embrace of a woman, and saw the appellant kiss said woman in said public place; and in permitting the witness Mrs. Perry to testify that she was with the complaining witness Florence Langwell a few days after the separation of the appellant and his wife and saw the appellant driving down Main street in an automobile with his arm around a woman. We are of the opinion that this testimony, under the facts and circumstances of the case, should have been excluded. The fact that appellant was seen in an automobile with his arm around another woman and was seen to kiss said woman, would have no relevancy to show that he had deserted his wife and child. The testimony in both instances, we think, is inadmissible and should not have been introduced. Moore v. State, 218 S. W. 1059, 87 Tex. Crim. Rep. 24.

For the errors above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.