TAYLOR JOINER V. THE STATE.

No. 16362. Delivered February 7, 1934.
Reported in 68 S. W. (2d) 219.

The opinion states the case.

*R. C. Joiner,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully and wilfully deserting, neglecting, and refusing to provide for the support and maintenance of his wife while in destitute circumstances, and his punishment assessed at confinement in the state penitentiary for a term of one year and six months.

The facts adduced upon the trial are in substance as follows: The appellant was married to his wife on the 18th day of September, A. D. 1929, and lived with her until the 18th day of April, 1933. It appears that for the past two years prior to the 18th day of April, 1933, the defendant and his wife lived in an apartment on the 4th floor of the First Baptist Church of Amarillo. The testimony further shows that he was caretaker of said church and received approximately the sum of $50.00 per month for his services besides the use of said apartment and gas, light, and water free of charge. It appears that during the time appellant and his wife were living together they were not altogether happy at all times and that on occasions unpleasantness arose which increased in time of occurrence as time passed on, until the 18th day of April, 1933, when the defendant left his wife with the intention never to return to her. The testimony further shows that he left her a small amount of money not exceeding $19.00. That he also left her all the household and kitchen furniture. The facts further show that on the 13th day of May, 1933, the defendant was indicted by the grand jury of Potter County of the offense of unlawfully and wilfully deserting, neglecting, and refusing to provide for the support and maintenance of his wife, and on the 20th day of June, 1933, he was tried and convicted of the charge.

Bills of exception one and two seem hardly sufficient to properly present appellant's complaint and will not be discussed inasmuch as the case must be reversed for other reasons.

By bill of exception No. 3 appellant complains of the action of the trial court in permitting Miss Hattie Stith to testify to the following facts, to-wit: "All employees of the church agreed to tithe while they were there. The defendant had not paid all

of his church fees. When defendant left he was owing the regular church dues of $20.00," to which testimony the defendant objected for the reason that it was immaterial and irrelevant, highly prejudicial and inflammatory, and did not prove or disprove any issue involved in the trial of the case, which objections were by the court overruled and the defendant excepted. We believe that the defendant's position is well taken and the court should have sustained the appellant's objection to said testimony as the. same was clearly immaterial and irrelevant and tended to prejudice the minds of the jury against the defendant.

By bill of exception No. 4 the appellant complains of the action of the trial court in permitting the state to prove by Mrs. Taylor Joiner the following facts, to-wit: "He tithed $5.00 out of each pay day we got every two weeks. There was not any money in the house to pay the church before he left," to which the defendant objected because the same was irrelevant, prejudicial, and inflammatory and not admissible for any purpose, which objections the court overruled and defendant excepted. We believe that the appellant's objections to said testimony should be sustained. The testimony was clearly irrelevant and immaterial and calculated to prejudice the jury against the defendant.

By bill of exception No. 5 appellant complains of the action of the trial court in permitting the district attorney on cross-examination of defendant, to ask the following question: "Would you mind telling the jury who the two telephone calls to Vernon were to?", to which the witness was required to answer, "To Nellie Beard, a woman, an unmarried woman, a single woman," to which the defendant objected because the same was immaterial, irrelevant, and prejudicial, which objections were by the court overruled and the defendant excepted. We do not see that this testimony had any bearing on the issue as to whether the defendant deserted his wife while in destitute and necessitous circumstancs and that such testimony was prejudicial to the defendant seems to be self-evident, and in support of our views we refer to the following authority: Langwell v. State, 290 S. W., 1099.

Bill of exception No. 6 complains of similar testimony as complained of in bills of exception 1 and 2 and is disposed of in the same manner as said two bills.

While the defendant has not questioned the sufficiency of the testimony to support the verdict of the jury and the judgment of the court, yet we feel that it will not be amiss to state that we entertain serious doubt as to the sufficiency of the tes-

timony to support the conviction in view of the fact that at the time the appellant left his wife he left her a small sum of money, besides all the household and kitchen furniture, sewing machine, washing machine, etc., and sufficient clothing for herself. The testimony further shows that appellant had credit at one of the mercantile establishments in the town of Amarillo but his wife did not attempt to avail herself of such credit, nor is there any testimony that credit would have been denied her had she attempted to avail herself thereof or that he had instructed the merchants not to let her have any goods or groceries upon his account; that within less than a month after he left his wife, perhaps with the intention never to return unto her, he was indicted; that from the time he left his wife and his home up to the time he was indicted he was seeking employment and had secured employment only three days prior to the time he was arrested.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.