## SON WAGNER v. THE STATE.

### No. 5654.   Decided January 28, 1920.

Rehearing granted March 3, 1920.

**Aggravated Assault—Verdict—Excessive Punishment—Rule Stated—Waiver of Jury.**

The law having prescribed the bounds to which and beyond which the jury may go or not go in fixing the punishment, the verdict of the jury will not be set aside where they have remained in said bounds as a rule, except in rare and extreme cases; but it appearing from the record in this case that the defendant was tried before the court and his punishment asesessed at a fine of three hundred dollars and ninety days in jail, and it did not appear from the record that the defendant had in fact waived a jury; that he was an ignorant negro without counsel, and in view of the hasty manner in which the defendant's trial was conducted, and in view of the statement made by the prosecuting officer which was not based upon the evidence, the judgment is reversed and the cause remanded.

Appeal from the County Court of Wichita.   Tried below before the Hon. J. P. Jones, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of three hundred dollars and ninety days confinement in the county jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited: Livingston v. State, 83 S. W. Rep., 1111; Latham v. State, 46 S. W. Rep., 638.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Kirk v. State, 60 Texas Crim. Rep., 172.

MORROW, JUDGE.—The appellant is charged by complaint and information with an aggravated assault against Maydell Holloway, he being an adult male and she a female.

From the record it appears that on the day of the pleading was filed, he appeared and entered a plea of guilty, waiving a jury, and that the court entered judgment of conviction, assessing his punishment at a fine of $300 and imprisonment in the county jail for the period of ninety days.   Relief by appeal is sought upon the ground that this verdict is excessive.   It is not contended in the motion for a new trial that the appellant is not guilty of the offense, but it is urged that the injury inflicted was slight and the punishment out of proportion with the gravity of the offense.

The statute, Penal Code, Article 1024, fixes the punishment for an aggravated assault at a fine of not less than $25 nor more than $1000, or by imprisonment in the county jail for not less than one month or more than two years, or by both such fine and imprisonment. The amount of the punishment where guilt is established is, within the limits of the satute, within the discretion of the jury; and when a jury is waived—as it may be in a misdemeanor case— the discretion is with the trial judge. The province of this court is to determine from the record whether the conclusion of guilt has been formed upon a fair trial according to the procedure authorized by the Constitution and laws enacted by the Legislature. It was said by this court in Teague. v. State, 4 Texas Crim. App., 147, in which a verdict of one year's imprisonment and $800 fine was rendered in a case of aggravated assault:

"The law having prescribed the bounds to which and beyond which the jury may or may not go in affixing the punishment, and having also charged juries with this duty of affixing the punishment, within the limits prescribed, we do not feel warranted in disturbing a verdict on these grounds as set out in the motion. To do so would be to usurp the powers confided to the jury, unless in a clear case of abuse of their powers. The jury did not reach the maximum allowed, either in fine assessed or the imprisonment imposed."

The same view is expressed in Smith v. State, 7 Texas Crim. App., 414; Handy v. State, 46 Texas Crim. Rep., 407, and numerous others, see Harris' Texas Constitution, p 115. The instances in which the court has felt authorized to depart from this rule are rare and the conditions extreme. Generally speaking, where the conviction is legal and the punishment within the terms of the statute, its modifications is left by the courts to the executive department, in which there is vested authority to diminish the punishment without overturnng the conviction, an authority not possessed by the courts.

Observing these rules and principles, we are constrained to order the judgment affirmed.

*Affirmed.*

ON REHEARING.

March 3, 1920.

MORROW, Judge.—The appellant was an ignorant negro; was arrested, and brought into court, and within a very short time on the same day tried and convicted. It seems that while the prosecuting officer was preparing the complaint and information, and the judge was entering the case on his docket, the prosecuting officer

asked the appellant what he was going to do, and he said: "I slap her, and I reckon I'm guilty." The judge then asked him what he would do, and he said he would plead guilty. No witnesses were introduced, but the attorney for the prosecution made a statement to the court in which he conveyed the idea that appellant was a bad negro, had been arrested many times, and should have heavy punishment, suggesting a fine of $250 and six months confinement in jail. The judge entered a fine of $300 and ninety days in jail.

Assuming that the waiver of a jury might be implied, a subject upon which courts are not all in agreement (See 9 Am. & E. An. Cases, p. 1184), we are of the opinion that the facts disclosed upon the motion for a new trial were inadequate to establish the fact that there was such waiver. It affirmatively appears that there was no express waiver; appellant was without attorneys; he was taken immediately upon his arrest to the courthouse, and while in the presence and custody of the officers, and before the complaint was filed, an admission of his guilt was taken; and later he entered his plea. It is true that the time allowed by statute within which to prepare for trial, the right to appear by attorney, the right to have illegal evidence excluded, and the right of trial by jury could be waived. Under the facts made known to the court on motion for new trial, we are of the opinion that the waiver of trial by jury was not satisfactorily established, and that in view of the hasty manner in which the appellant's trial was conducted, and particularly in view of the statement made by the prosecuting officer with reference to his character and reputation—which obviously was not an issue in the case and one upon which the State was not authorized to take the initiative, and one, too, which probably had weight with the court in fixing against the appellant a heavy penalty—a new trial should have been accorded, and that we on the former hearing were in error in reaching the contrary conlusion.

The motion for rehearing is granted, the affirmance set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*