### A. P. BRUCE v. THE STATE.

No. 7262.   Decided January 10, 1923.

Rehearing Denied February 14, 1923.

**1.—Aggravated Assault—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the evidence was sufficient to sustain the conviction under a proper charge of the court, there is no reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

Where appellant's motion for a rehearing has been considered and the record on appeal carefully reviewed, this court does not feel at liberty to overturn the verdict of the jury which is sustained by sufficient testimony.

Appeal from the District Court of Walker. Tried below before the Honorable Carl T. Harper.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.00 and two months confinement in the county jail.

The opinion states the case.

*Dean* and *Humphrey,* and *M. E. Gates,* for appellant.—Cited, Robinson v. State, 7 S. W. Rep., 531; Chambless v. State, 79 id., 577.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The indictment was for assault with intent to murder; the conviction is for aggravated assault; punishment fixed at a fine of $500 and confinement in the county jail for a period of two months.

The altercation between the appellant and Henry Krull, in which the latter was injured, took place in the presence of a number of witnesses. According to the undisputed evidence, Krull was struck by the appellant with a stick about four feet long and about one or one and one-fourth inches in diameter. Two blows were struck—one on the head and the other on the back or side. Krull was knocked down and his skull fractured. He was unconscious for six days and confined to his bed for about three weeks. He was suffering from the wounds at the time of the trial, which took place some five months subsequent to the injury. The parties had assembled to do some work on a bridge. The appellant used abusive language toward Krull, who replied in kind. Krull, like some of the others present, had an axe for use in the work. Appellant's testimony, supported by some of his witnesses, was to the effect that at the time of the assault, Krull made a demonstration indicating an intent to strike the appellant with an axe. This was controverted by other eye-witnesses who testified on behalf of the State.

The issues of fact were submitted in a charge of which there is no complaint made, and no reason is advanced by the appellant nor discerned by the court for overturning the verdict of the jury in behalf of the State. The injury was a serious one, and the punishment was not out of proportion to the offense. Teague v. State, 4 Texas Crim. App., 147; Handy v. State, 46 Texas Crim. Rep., 407; Wagner v. State, 87 Texas Crim. Rep., 48.

The judgment is affirmed.

*Affirmed.*

ON REHEARING .

February 14, 1923.

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges only the fact that the verdict is contrary to the weight of the testimony. We regret our inability to coincide with this contention. Appellant began the difficulty by applying ugly epithets to prosecuting witness. When answered by the statement that he was equally subject to such ugly names, appellant at once made an attack upon prosecuting witness with a green stick, cut for a measuring stick, the size and weight of which was described. Prior to making this attack appellant was up on the bank of a gully or ditch some seven or eight feet above prosecuting witness, who was down in the bed of said ditch. Appellant went down the bank of said ditch and approached prosecuting witness, who made no advance upon him whatever but seems from the testimony of some witnesses to have raised an axe which he had in his hand. Appellant struck prosecuting witness on the head with said stick, bringing him to his knees and then struck him again. The doctor who treated the injuries said that they removed three or four square inches of bone from the skull of the prosecuting witness, and that the blow if upon other parts of the head would likely have been fatal. The only defense offered was that Krull, prosecuting witness, replied to appellant verbal assaults, in kind, and that when appellant went down in the gully and approached Krull, that he raised the axe. These matters were all submitted to the jury. The facts stated make no such case of apparent prejudice on the part of the men sitting in judgment upon appellant's case, nor do they show any lack of facts to justify their conclusion. We do not feel at liberty to overturn verdicts finding as much support in the testimony as the one before us.

Appellant's motion for rehearing will be overruled.

*Overruled.*