BEN DAVIS v. THE STATE.

No. 15026.    Delivered March 30, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 705.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The state's testimony showed that an officer went to appellant's place and bought from him two bottles of beer. This transaction was made the basis for the issuance of a search warrant, armed with which the officer presently returned. He found appellant at a filling station not far from his house. When he presented the search warrant, appellant gave three shrill whistles. According to the state's testimony, appellant's wife and children, who were at his house, immediately disappeared in the house. The officer went at once to appellant's house, and testified that he found therein some empty pint bottles showing that whisky had been just poured from them, also thirty-eight bottles of beer in an ice chest. He said this beer was intoxicating. This is the substance of the state's case.

Appellant presents a number of bills of exception, each of which has been examined but none are believed to present error for which the case should be reversed. The court submitted the case to the jury upon the theory and law of circumstantial evidence.

The attorney for the state who drew this indictment is to be congratulated upon the fact that in same he described the liquor possessed as "liquor capable of producing intoxication." If this description had been followed by attorneys for the state generally in indictments presenting the various phases of violation of what are commonly called the "liquor laws," this court would have been saved the necessity of many reversals. Appellant's objection to the charge of the court is without merit. Whenever the court used the word liquor in the charge, he coupled it with the words "capable of producing intoxication."

The first bill of exception complains of the reception in evidence of the officer's statement that whisky had just been poured out of the pint bottles found in appellant's house. We are not prepared to agree with appellant that this is necessarily a mere opinion. It might be a shorthand rendering of facts visible to the eye of the officer who went at once into appellant's house and made the search after appellant had, by whistling, notified his family that the officer was coming. Various indications conceivable, might amply justify the officer in stating the above as a fact. This record shows a vigorous effort on the part of appellant's attorney to induce the state witness, who said that he bought beer from appellant, and found beer in appellant's house,—to draw a distinction between the beer bought and found and other different kinds of beer. The witness declined to do so, but insisted repeatedly that it was beer. Two bills of exception complain of rulings of the court upon objections made to numberous questions apparently asked in repetition of this witness. We see no error in either of the bills.

Complaint is made of the fact that the state's objection to a question asked of the deputy sheriff who searched the house, if he was not a stool pigeon, which appears to be without merit in view of the fact that the officer testified fully that he was hired, and was paid money after the search was over for hiss ervices. The only possible merit in appellant's contention would be that the officer was not permissible to describe himself eo nomine as a stool pigeon.

Bills of exception 5 and 6 set out in question and answer form a number of objections made during the examination of the officer, a statement of which would consume time and space and be of no value. We have been unable to see any error in the matters complained of in either bill. Some questions were asked the doctor who testified for the defense that he had prescribed home brew for appellant's wife, but we see no serious objection to them. We gather from the record that said doctor had given evidence in one or more other cases similar to this on behalf of persons accused, and he was asked if his services as an expert witness interfered with his practice any. The matter seems of no importance.

Appellant's attorney complains that one of his witnesses to appellant's good reputation was asked by the state if he was not testifying

as he did because of his love and affection for appellant's father. If the witness was so testifying for such reason it would be provable. Bill No. 9 relates to further cross-examination of this witness as to what he had heard concerning appellant, and seems to present no error. Another bill of exception complains that testimony was admitted to the effect that at a time something like two weeks from the date laid in the indictment witnesses were at appellant's house and saw some parties there, and found an empty flask and a number of fruit jars, and in an ice box several bottles of beer that was intoxicating. This was a case of circumstantial evidence, and the question was appellant's possession of intoxicating liquor, and this testimony was near enough to the time in question to make it provable as a circumstance.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is insisted that this court was in error in holding that bills of exception Nos. 2 and 3 fail to reflect error. It appears from these bills that state's witness Reams. testified that he had purchased two bottles of beer from appellant and shortly thereafter had searched appellant's residence and found therein eighteen bottles of beer; that upon cross-examination appellant's counsel asked the witness if the beer he purchased and found in the ice box was "the same as the beer had before the Dean law went into effect;" that the witness answered "I think I have answered it was beer"; that the witness was again asked the question and again answered that it was beer; that appellant's counsel insisted that the witness should answer the question he had asked, that is, whether or not it was the same character of beer as that manufactured before the enactment of the Dean law; that the district attorney objected on the ground "of repetition"; that the court stated "I think the witness has answered. Let's go ahead." The court qualified the bills of exception, over appellant's exception. Hence the bills must be considered without the qualifications.

It is insisted by appellant that it is disclosed that he was unduly restricted in his cross-examination of the witness, and that if he had been permitted he would have shown that the liquor in question was what is commonly known as "home brew." As shown in the statement of facts, the witness answered appellant's counsel on cross-examination as follows: "This stuff I testified about was beer. As to whether I do not know that is what is commonly known as 'home brew',—I know it was beer. I just know that it was beer. I do not know that it was what was commonly called 'home brew.' I know that it was beer. You ask me again whether or not it is not a fact that I know that the stuff that I testified to down there was not just what is commonly known as 'home brew' in

this country, and I say again that I know it was beer. I do not know anything about 'home brew', but I know that it was beer. I know that this was the same stuff that was commonly known as lager beer before the whisky laws. It was just like the beer that I have bought over the bar. As to whether I know that stuff was not just like the Budweiser or lager beer that was bought over the bar, or Blue Ribbon, that it was not Budweiser, Blue Ribbon or lager beer, but that it was what is commonly made through the country by different people now, and that it is called 'home brew': It was just like that Blue Ribbon beer. It was just the same as what used to be known as Budweiser beer that was bought over the bar. As to whether it was Budweiser beer,—well, it did not have any label on it and it was not branded but it was the same beer. As to whether I am telling the jury now that it was the same beer that they had before the Dean law went into effect, I have answered that I think. It was beer. You say 'Well, what about it?' and I answer: 'It was beer.' * * * I never saw it manufactured. I don't know if it was manufactured in Monterrey, Mexico, or St. Louis, Missouri. I do not know whether it was made at home and out of yeast cakes or hops or what. I do not claim to be an expert in making 'home brew' or beer. I do not know how 'home brew' is made. I do not know. I never saw any made. The only experience I have had in making 'home brew' is just what I have heard. I know though that it what is called 'home brew' made all over this country. I do not know if that is the same as 'home brew' or not. As to whether I would or would not say that it is the same as 'home brew' I just know that it was beer."

It is observed from the foregoing that the witness had been thoroughly cross-examined by appellant's counsel as to his knowledge of the character of the liquor. Hence it would appear that appellant's counsel was not unduly restricted in his cross-examination of the witness. This court has always held that in appraising a bill of exception relating to excluded testimony the statement of facts may be consulted for the purpose of determining whether from other sources, or from the same witness, there is testimony before the jury which, in substance, is the same as that pointed out in the bill of exception as having been excluded. Clements v. State, 118 Texas Crim. Rep., 37, 42 S. W. (2d) 67; Martin v. State, 107 Texas Crim. Rep., 152, 295 S. W., 1098. No question of a conflict between the statement of facts and bills of exception is presented here. Hence the rule that where there is a conflict between the statement of facts and a bill of exception, the bill prevails, is not applicable. Elkins v. State, 101 Texas Crim. Rep., 377, 276 S. W., 291.

In his closing argument the district attorney used language as follows: "I may be appealing to your prejudice but I don't think I am; but want to say if we are raising men in this country to uphold the

church and the schools then it is time to remove such cancers as Ben Davis, defendant, from this community and send him to the penitentiary where he belongs."

Further, the district attorney made remarks as follows: "I will tell what I am doing and will be sworn if they want me to, I was trying to stop the nefariousness of Ben Davis was what I was doing. You might as well buy all the plows to cultivate your farms and go out and leave them and as well as to elect your officers and then go out and leave them."

If the remarks of the district attorney were improper (and this is not conceded), the opinion is expressed that they should not work a reversal. The evidence is amply sufficient to support the conviction. Appellant received the minimum penalty.

Appellant has brought forward practically every contention urged upon the original submission of the case. In the light of the motion for rehearing we have again examined all of appellant's contentions and are led to the conclusion that the record fails to present reversible error.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.