WALTER CARROLL V. THE STATE.

No. 17242.   Delivered February 13, 1935.

The opinion states the case.

*Earl E. Miller* and *G. E. Sears,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of fifty dollars, punishment assessed being two years in the penitentiary.

.Some time during the night of May 9, 1934, a trailer was

stolen from W. J. Hamm, who resided at Red Oak in Ellis County, Texas. The next morning the trailer was discovered not far from the place from which it had been taken, but it had been stripped of casings and tubes. The State proved by a number of witnesses that on the night of May 9th they were driving on the road in the neighborhood of Red Oak and saw and recognized appellant; that he was driving a Model T Ford, painted blue, with no top, and a nickel plated radiator. Another party was with appellant but none of the witnesses recognized appellant's companion. One witness who saw appellant on the night in question said that he saw him about twelve o'clock and that he was driving toward Dallas and that there was something in the back of appellant's car, but he did not at that time know what it was. Appellant and his brother, Roy Carroll, had at one time lived at Red Oak with their father, but at the time of this theft they were living in West Dallas. Upon cross-examination of State's witnesses it was developed by appellant himself that much suspicion around Red Oak had attached to the Carroll boys, and that every time they had been seen in Red Oak at night it would be discovered next morning that something had been stolen. This so impressed one witness who met appellant that immediately upon arriving at Red Oak on the night in question he telephoned the constable and they made an effort to locate the Carroll boys that night, but without success. This witness at the instance of the constable went to Dallas and to the house of appellant's father on the morning of May 10th and found in the yard a Model T Ford, which he identified as the one which had been driven by appellant on the night of the theft. Later, officers went to the home of appellant's father, but were not permitted to search the place without a warrant authorizing it. After securing the warrant they went back to the house and from a room in the house in which this appellant was at the time they took two of the casings and two tubes which had been taken from the trailer in question. From a junk shop in Dallas they recovered two more of the casings and tubes. These articles were returned to Mr. Hamm, at Red Oak, and the casings were positively identified by the serial numbers, and one of the tubes positively identified by a patch which witness had put on it. Appellant did not testify. He introduced a number of witnesses who testified that on the night of the theft he and his brother Roy attended a wrestling match in Dallas. They also attempted to prove an alibi for the car. Witnesses testified that the Carroll boys had been working

on the car and that it was in a condition where it would not run on its own power on the night of the theft. Appellant also offered the junk dealer at whose place two casings and tubes had been found. He testified that he did not purchase them from appellant, but from a man who gave his name as Holt, and whom witness had never seen before, or since. The court properly submitted the issue of alibi to the jury and they decided that issue against him.

Two bills of exception are brought forward. The first one is incomplete, it apparently not having been copied in full in the supplemental transcript. It does not bear the indorsement of the trial judge. Therefore, it can not receive consideration. However, we observe that it seems to complain of the testimony of Mr. Hamm, the owner of the trailer, with reference to the tires and tubes which were taken from it, the objection being that appellant was not charged in the indictment with stealing the tires and tubes, but only with stealing the trailer. If the bill was in proper form it would, of course, present no error. It was by means of tracing the casings and tubes that appellant's connection with the theft of the trailer was established.

The only other bill complained of the rejection of the testimony of one Monroe Corum, who would have testified, if permitted, that about ten o'clock on the morning of May 10th he saw Roy Carroll on North Beckley avenue in Dallas where two, Ford sedans were parked, and that another man was present trying to sell Roy some casings; that the latter borrowed fifty cents from witness to supplement the money he had, and that Roy Carroll paid for two tires, and to the best of witnesses' knowledge, the sum paid was three dollars. Upon objection by the State this proposed testimony was excluded. The court approves the bill with the following statement: "There was no testimony in the case that the tires Roy Carroll was seen purchasing were the same tires that were found in the room of the defendant Walter Carroll. Walter Carroll was not present at the time of the transaction between Roy Carroll and Monroe Corum. There was no testimony in the case at that time to identify the two tires purchased by Roy Carroll as being the same tires and tubes which were recovered from the possession of Walter Carroll."

The bill of exception was accepted by appellant with the following explanation. There may be some testimony in the record from which it might be argued that a conversation between Roy Carroll and one of the detectives had reference to

the casings so recovered, and were claimd to have been purchased, yet it is only by implication that said conversation can be said to have referred to the recovered casings. This court is bound by the explanation to the bill. As so explained in the qualification it presents no error. It has been held many times by this court that where there is a conflict between the bill of exception and the statement of facts, the bill will control. Elkins v. State, 101 Texas Crim. Rep., 377, 276 S. W. 291, and cases therein cited. Also, see Ables v. State, 106 Texas Crim. Rep., 169, 291 S. W. 554.

The judgment is affirmed.

*Affirmed.*