JOHN T. WALTON V. THE STATE.

No. 22170.   Delivered June 10, 1942.

The opinion states the case.

*H. S. Smith,* of Sulphur Springs, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is the unlawful transportation of intoxicating liquor in a dry area; the punishment, a fine of $100.00.

The record reflects that, about midnight on February 17th, 1942, appellant was arrested, charged with the offense, and placed in jail. The following morning, he was carried before the county judge, where and before whom he pleaded guilty. The judgment of conviction shows that he was admonished of the consequences of such a plea; and that he waived the matter of time, as well as a trial by jury. No evidence was introduced by either party. The same day, and after the plea of guilty and the judgment had been entered, appellant secured counsel and filed his verified motion for new trial, in which he asserted, among other things: that he was not guilty of the offense of unlawfully transporting intoxicating liquor for the reason that the liquor so alleged to have been transported by him, being two half pints of whiskey and two gallons of wine, was purchased by him in a wet area, where the sale thereof was legal; that, at the time of his arrest, he was transporting said liquor to his home, to be used by him for beverage purposes for his own consumption; that he was an ignorant, illiterate negro, not versed in the law, and did not know his legal rights; that he had no opportunity to secure, or to advise with, counsel, before he was called upon to plead to the accusation of the State; and that all of these facts caused him to enter his plea of guilty.

The bill of exception touching this matter, after detailing the facts of arrest and plea as heretofore mentioned, and after incorporating therein the motion for new trial, contains the following:

"That said motion was duly and timely filed and called to the attention of the Court and that the defendant stood ready to prove the truth of every allegation contained in said motion for

a new trial and to produce testimony upon the hearing thereof which would have established the innocence of said defendant, because this defendant was not guilty of transporting liquor for the purpose of sale as alleged in the case against him. And had the defendant not been an illiterate negro who did not know what any of his rights were and who did not know but that the mere fact that he was in the car driven by another and different person who owned said liquor, for legal purposes, this defendant would never have entered his plea of guilty to such charge.

"This defendant was not even given an opportunity to offer proof of his innocence as set forth in his motion for a new trial, but the Court immediately overruled the same in the absence of this defendant or his attorney without a hearing on the same whereby this defendant was precluded from offering any facts showing before this court the real innocence of this defendant, all of which absence of said defendant and his attorney herein set forth and shown in the order of the court overruling said motion for a new trial, and this defendant did duly and properly *accept* to the overruling of the same and gave notice of appeal to the court of Criminal Appeals of the State of Texas, at Austin, Texas."

The bill of exception is approved by the trial court, without qualification.

The two paragraphs above quoted do not appear in the bill of exception as mere statements of pleading, but, to the contrary, constitute certificates of fact on the part of the trial court.

If appellant had in fact purchased the liquor in a wet area, and if, at the time of his arrest, he was transporting same to his home for his own consumption, he would not be guilty of unlawfully transporting the liquor, because of the provision of Art. 666-23a, P. C., which reads as follows:

"(1). It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

It must also be remembered that it is a violation of the law to possess intoxicating liquor in a dry area only when same is possessed for the purpose of sale.

Under the bill of exception as here approved, the trial court certifies that appellant would have established his innocence by testimony had he been given an opportunity to do so upon the hearing of the motion for a new trial.

Under the record as here presented, we are constrained to hold that the new trial should have been granted. See: Meeking v. State, 67 Tex. Cr. R. 69, 148 S. W. 309; Wagner v. State, 87 Tex. Cr. R. 47, 219 S. W. 471.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.