ELBERT DALTON V. THE STATE.

No. 23555. Delivered January 29, 1947.
State's Motion for Rehearing Denied April 30, 1947.

BEAUCHAMP, Judge, dissenting on rehearing.

*C. Coit Mack,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for receiving and concealing stolen property with a penalty of two years in the penitentiary.

The appellant is charged by indictment in the first count with the offense of burglary of a jewelry store in Wichita Falls, and the theft therefrom of certain watches alleged to be of the value of $828.00. The second count in the indictment charged him with receiving and concealing said watches from a person unknown to the grand jury, with the knowledge that they had been stolen. After the evidence was heard the court submitted to the jury only the second count.

The evidence discloses that after appellant had spent the night in Abilene, he was riding with a party in his car, probably as a hitch-hiker, and before reaching the city of Big Spring he made known to his host that he had a sack of watches consisting of about twenty in number. This aroused the suspicion of the driver of the automobile who had communication made to the Sheriff at Midland, and caused the arrest of appellant

soon after he had left the car on the west side of that city. The Sheriff and City Marshal of Midland took appellant to the jail and discovered from his registration card that he lived in Wichita Falls. They then communicated with the Wichita County Sheriff and learned that a burglary had been committed a short while prior thereto in which a number of watches, similar in kind and number to those in appellant's possession, had been taken. The Sheriff of Wichita County proceeded to Midland and took appellant back to Wichita Falls. He testified at the instance of the state that appellant "said * * * * * he had found them; he said he had not stolen them. He said he had found the waches." Thereafter, and while appellant was in the jail, the sheriff further questioned him and learned that he had disposed of two watches—one to a girl in Abilene, who had spent the night with him in a hotel, and another to a man whom he described in another city, which proved to be Big Spring. Following the information thus given, both watches were recovered. Appellant also signed a written confession before the District Attorney in which he declined to say where he got them. This confession does not aid the state in the prosecution for receiving and concealing stolen property.

No evidence was introduced by the state to show that the grand jury made any effort to obtain the name of the person, or persons, from whom the watches were received by appellant, or that they could not do so. There is nothing in the record to indicate that it was not possible for them to learn the name of such person.

At the conclusion of the testimony appellant filed a motion for an instructed verdict, which the court declined to give. The record contains a number of bills of exception which are qualified by the court. Appellant excepted to such qualifications and the trial court failed to file his own bills. Consequently, there is no force or effect to be given to the court's qualifications, and the bills are before us as if approved when presented.

We have concluded that the court should have given the instructed verdict because there is no evidence that would even tend to show that appellant received the watches from another person. The possession of the watches, at the time and under the circumstances described, would have raised the presumption of theft and would have supported a conviction on such a charge. In the absence, however, of any evidence that another person had possession of them, and that appellant received them, a conviction for receiving and concealing stolen property is not

supported. The evidence above quoted as given to the Sheriff by the accused soon after his arrest was an exculpatory statement by which the state, under all of the circumstances of this case, is bound. No evidence was offered to refute such statement, and it is not shown to be false, or a part of a fraudulent scheme, by the facts and circumstances of the case. A very valuable discussion of this subject is found in Otts v. State, 116 S. W. (2d) 1084, and the conclusion therein is controlling. See also Robidoux v. State, 34 S. W. (2d) 863; Stelman v. State, 58 S. W. (2d) 832; Yarbrough v. State, 67 S. W. (2d) 612; Am. Dig. Criminal Law, Key No. 781 (8).

Complaint is made of the introduction of the watches, on the ground that appellant was unlawfully arrested. This complaint falls in the face of the fact that his confession was introduced, and that this confession discloses the same facts as testified to by the sheriff and places the watches in his possession. The rule is the same as if appellant had taken the witness stand and testified to such facts.

The judgment is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

Appellant was charged with unlawfully and knowingly receiving certain watches from a person to the grand jury unknown, and concealing the same, said watches being the property of Sam Kruger. Upon his conviction, he was assessed a penalty of two years in the penitentiary.

The facts show that Mr. Kruger's jewelry store was burglarized in Wichita Falls, Texas, in February, 1946, and about 21 watches stolen therefrom. Soon thereafter, in Midland County, Sheriff Darnell was informed by one characterized as a credible person, that such person had been informed over the telephone by his partner that such partner had a boy in his car who had a sack of stolen watches; that the partner was coming through Midland and would meet the sheriff at a certain point in said city. Acting upon this information the sheriff and the Chief of Police repaired to such designated point and there found appellant walking away in a westerly direction. They accosted him, searched him and found a sack full of watches, some nineteen in number, and one in his pocket. After learning about the burglary of the Krueger jewelry store at Wichita Falls, the

Midland County officers turned appellant and the watches over to Pat Allen, Sheriff of Wichita County. After appellant was placed in jail in Wichita Falls, he told Sheriff Allen where he had disposed of two more of the stolen watches. He had sold one to a man for $75.00, and had given one to a girl in Abilene. He accompanied the officers, and not knowing the name of the town wherein he had sold the watch, the officers drove to several towns and finally, at appellant's direction, found the place to be Big Spring, where they located Mr. Lowe, who had.bought the watch from appellant for $75.00, which money was repaid to Lowe by appellant and the watch recovered, and also an expensive watch given to the girl in Abilene was later recovered as a result of the information given Sheriff Allen by appellant.

All this testimony was objected to on the ground that the arrest was illegal; that the officers violated the law in arresting appellant, and that, therefore, under Art. 727a, C. C. P., this testimony was inadmissible. We do not agree with this contention.

Article 215, C. C. P., provides as follows:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

See Pruett v. State, 114 Tex. Cr. R. 44, 24 S. W. (2d) 41; Rutherford v. State, 104 Tex. Cr. R. 127, 283 S. W. 512; Cortez v. State, 47 Tex. Cr. R. 10, 83 S. W. 812; Mitchell v. State, 52 Tex. Cr. R. 37; 106 S. W. 124; Moreno v. State, 71 Tex. Cr. R. 460, 160 S. W. 361; Klein v. State, 102 Tex. Cr. R. 256, 277 S. W. 1074; Silver v. State, 110 Tex. Cr. R 512, 8 S. W. (2d) 144; Burkhardt v. State, 83 Tex. Cr. R. 228, 202 S. W. 513.

Bill of Exceptions No. 3 complains of the admission in evidence of the arrest and search of appellant, and also the introduction in evidence of the watches found on appellant's person at such time. Incorporated in said bill and as a part thereof, we find all the testimony relative to such arrest and search, in which it is shown in detail as stated above, that such arrest was based on information conveyed to the Sheriff of Midland County that a certain person was coming into said county who was in possession of a sack of watches, who "has got somebody's watches", and was trying to sell or give them away. This bill was quali-

fied by the trial judge who merely reiterated in a few lines what appellant had placed in his bill in detail in six pages, part thereof being brought out by appellant's attorney and a part brought out by the State. The qualification then added a nine-line confession signed by appellant after the showing of a proper warning. For some reason appellant objected and excepted to such qualification, and upon the trial court's failure to file the court's bill, we are relegated to the original bill without the qualification. From such original bill we are inclined to hold that appellant's arrest without a warrant was legal under Art. 215, C. C. P., and that no error is shown in such bill. If we should be mistaken in this, the further development of the case would render the error, if any, such as would not demand a reversal, as will appear in subsequent discussions.

Bill of Exceptions No. 1 complains of certain paragraphs in the court's charge wherein he gave in the charge to the jury Art. 200, C. C. P., relative to the venue of the offense of receiving and concealing stolen property. This was objected to in conjunction with an application thereof to the facts wherein the location of the property thus taken was placed in Wichita County; said bill also showing that the District Attorney, over objections of appellant's attorney, argued to the jury that by virtue of the paragraphs of the court's charge setting out the provisions of Art. 200, C. C. P., they could convict the defendant whether he received and concealed such property in San Antonio or Midland, or whether or not he had ever been in Wichita County. There is no merit in this bill. The District Attorney was arguing a correct proposition of law based upon the statute, and according to the qualification of this bill (not excepted to), he was answering the argument of appellant's attorney in which he stated to the jury that they could not convict the defendant unless they believe that he received the watches in Wichita County.

In 36 Tex. Jur., p. 345, sec. 17, it is said:

"Under this article of the code (Art. 200, C. C. P.), a person charged with committing the offense of receiving and concealing may be prosecuted in the county where the theft was committed, although the only connection he had with the property was in another county. Or the prosecution may be instituted in any county through or into which the property may have been carried by the person who stole it—without reference to whether it was there received—or in the county where the property was received or concealed. * * * Even though the indictment charges

the defendant with having received the property in the county where it was stolen, and the defendant in fact received it in another county, he may be convicted in the county where the theft occurred, and there is then no fatal variance."

See authorities cited under the text quoted.

At one time the doctrine contended for by appellant was laid down in the case of Mooney v. State, 73 Tex. Cr. R. 121, 164 S. W. 288, but that case was expressly overruled in Barnes v. State, 283 S. W. 506.

From 36 Tex. Jur. p. 356, sec. 28, we quote:

"He (accused) may, moreover, be prosecuted and convicted in the county in which, according to the proof, the theft occurred, even though it is charged that he received the goods in that county and the proof shows otherwise. It is not essential that the state prove the connection of the accused with the stolen property in the county specified in the indictment, so long as he is prosecuted in any of the counties covered by the statute."

See authorities cited in the text.

Bill of Exceptions No. 3, as presented to the trial court, first complains of the testimony of Ed Darnell, Sheriff of Midland County, in which he related the circumstances of the arrest of appellant and the finding of the watches on his person. There is incorporated in the bill four pages of testimony of such sheriff relative to the whole transaction commencing with the information first received by the officer. The careful trial court attempted to qualify this bill in a short summary of the foregoing testimony of the sheriff which was set out by appellant in his bill, adding thereo, however, a written statement made and signed by appellant after having received a proper warning, such being in the nature of a confession, and which is found in the statement of facts and no objection to its introduction is shown. After the warning, such statement reads as follows:

"My name is Elbert Dalton.
My address is New Petrolia Road
I am 27 years old

On the 27th day of February, 1946, I was arrested in Midland, Texas, about 1:30 or 2:00 in the afternoon. Two officers

arrested me. At the time of my arrest, I had in my possession several watches that were later turned over to Pat Allen, Sheriff of Wichita County, Texas, by the officers that arrested me. Pat brought me back to Wichita and on the way, I saw a sack that looked like the sack I had the watches in. I had rather not say where I got these watches and whether or not I had disposed of any of them.

(Signed) Elbert T. Dalton,<br>Signed by the arrested party."

This qualification was excepted to, but for what reason we confess our inability to conceive. However, under our rules, on account of the trial court's failure to thereafter prepare his own bill, we must consider the bill as prepared by appellant. As heretofore stated, we are inclined to think that under Art. 215, C. C. P., this evidence was admissible. If not under said Article 215, C. C. P., it certainly was admissible under Art. 325, C. C. P., there being reasonable ground to suppose that these watches were stolen property and, therefore, any person had a right to prevent the consequences of the theft by seizing such stolen property and bringing the supposed offender to justice.

Bill No. 4 is another bill in which the qualification appears to have been excepted to and is in the same condition as the one just preceding it. The bill is concerned with the question propounded to Pat Allen, Sheriff of Wichita County, as follows:

"Did he (defendant) tell you where you could find some more watches?"

To which question the *defendant* answered "yes". Evidently the answer should read, "To which the *witness* answered 'yes'." This question and answer were objected to because appellant was under arrest, that it was not a statement in writing after proper warning, and was in violation of Art. 727, C. C. P. The statement of facts shows that appellant did tell this sheriff about selling a watch to a man and also about giving one to a girl in Abilene; that appellant and the sheriff made a trip to Big Spring and recovered the watch sold there; that they located the watch given to the girl and later recovered it. The testimony shows both watches were stolen at Wichita Falls at the same time the others were taken. We think this statement was admissible under Art. 727, C. C. P., because appellant, in connection therewith, made statements of facts that were found to be true, which conduced to establish his guilt such as the finding of the stolen

property, and therefore rendered admissible the whole of appellant's statement to Sheriff Allen as well as his actions in locating the other stolen watches. The trial court's qualification merely set forth the testimony given by the sheriff as to the recovery of these watches, which was already in the record properly under Art. 727, C. C. P. We cannot consider the excepted to qualification, but do have the statement of facts and can take such into consideration to contradict such bill and can use same to clarify or understand the bill, and also the ruling of the court regarding the matter.

We have considered Bill of Exceptions No. 5 and overrule the same.

Bill No. 6 is concerned with an exception to the testimony of Sheriff Pat Allen wherein he related a conversation with appellant while under arrest relative to appellant's disposition of two of these watches, one sold and one given away, both watches being recovered by means of this conversation. As above stated, we think this statement of appellant, although not reduced to writing after proper warning, was admissible under the provisions of Art. 727, supra. It is also worthy of note here that there is no further objection than that noted above, although the sheriff also stated, "that he (the defendant) had told him that he (the defendant) had found the watches; and that the defendant had told him that he (the defendant) did not steal the watches." This latter statement evidently was of value in determining whether the watches were received and concealed, as charged in the second count of the indictment. We find this bill qualified by the trial court and the qualification excepted to. Therefore, we will not consider the qualification. Nevertheless, we think the testimony was admissible under Art. 727, C. C. P.

Bill of Exceptions No. 7 relates to an objection to the statement of Sheriff Allen while on a trip with appellant to Big Spring in search of the watch sold there by appellant, the statement being as follows:

"He had found the watches and that that *look* improbable, he agreed, but that rather than tell who had stolen the watches, or implicate anyone else, he would rather take the 'fall' for it all in the hope it would correct these boys and possibly they would never do anything like that again."

The objection is that same "had no probative value, * * *

that it was not conducive to the guilt of the defendant of knowingly receiving and concealing stolen property, * * * were made while the defendant was under arrest and not in accordance with the law, * * * that no proper predicate had been laid, * * * and was in violation of Art. 727, supra."

The trial court qualified this bill with practically the same qualification as was appended to all other bills where an exception was taken to such qualification. Because the trial court thereafter failed to file his own bill, we do not consider the qualification but only the bill as originally filed, and in the event of a conflict between the bill and the statement of facts, we are relegated to the bill as the controlling factor. However, in this instance, we find no such conflict, but do find from the testimony rightfully in such statement of facts that the appellant did take such trip with the sheriff and that at appellant's direction they did find a watch identified as one of the stolen watches. Under these facts, we think the statement of all matters material to this offense and told by appellant became admissible, especially that portion which showed appellant to have knowingly received these watches from someone.

In support of the proposition that we are permitted to utilize the statement of facts where no conflict has arisen between same and the bill of exception, see Daigle v. State, 112 Tex. Cr. R. 370, 17 S. W. (2d) 61; Plummer v. State, 86 Tex. Cr. R. 487, 218 S. W. 499; Martin v. State, 107 Tex. Cr. R. 151, 295 S. W. 1098; Elkins v. State, 101 Tex. Cr. R. 377, 276 S. W. 291.

Such statement was also surely material to show not only that appellant knowingly received and concealed the stolen property, but that he also refused to give the names of the persons from whom such property was received. This seems to be a strong circumstance to show that not only the grand jury but also the trial court and the jury could say that such property was received from persons unknown to the grand jury. Surely appellant knew, but neither the court nor the jury could make him tell who such persons were.

Relative to the proposition offered by appellant that the identity of the persons from whom these stolen watches were received should have been shown to be unknown to the grand jury, we quote from Mathis v. State, 111 S. W. (2d) 254, as follows:

"These authorities will be found to support the proposition that, where it is averred that stolen property was received by the defendant from some person to the grand jury unknown, and during the trial the testimony shows that the party was known to the grand jury or could have been ascertained by reasonable investigation, which was not made, a reversal would be necessary because of a variance; but, where nothing is developed on the trial to suggest that by any possible investigation the grand jury could have ascertained from whom defendant received the property, it would show a prima facie case that the name of the party from whom defendant received the property was unknown to the grand jury, thereby supporting such averment in the indictment, and presenting no question of variance; and especially would this be true where the whole case shows that, if the grand jury had been in possession of all the evidence, developed on the trial, it still could not have known from whom the defendant received the property."

It has been held heretofore that the enactment of Arts 4a and 4b and 727a, C. C. P., upon which appellant relies, did not repeal Arts. 212, 213, 215, and 325, C. C. P. See Hepworth v. State, 111 Tex. Cr. R. 300, 12 S. W. (2d) 1018.

The two opinions heretofore handed down herein are withdrawn and the foregoing substituted therefor.

Believing no reversible error has been shown herein, the judgment of the trial court is accordingly affirmed.

HAWKINS, Presiding Judge.

My concurring opinion reversing the judgment is withdrawn, and I now concur in the affirmance.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge (dissenting).

I am unable to concur in the affirmance of this case. In the original opinion I called attention to the fact that the state failed to show any effort on the part of the grand jury to obtain the name of the person, or persons, from whom the watches were received. It is probably within the power of this court to say that the evidence as a whole was that they could not do so. Consequently the reversal of the case was not based upon that statement. It was entirely because of the failure to show that appellant had received the stolen goods from another person.

A careful reconsideration of the record leaves me of that opinion still, and the opinion on rehearing does not point out evidence which, in my judgment, would tend to do so.

All other bills of exception were overruled in the original opinion. Still, the State's motion as well as the opinion on rehearing treats them at length and reaches the same conclusion.

If I understand the majority opinion on rehearing, their conclusion on the one question must rest upon the quoted testimony repeated as follows:

"He had found the watches and that that looked improbable, he agreed, but that rather than to tell who had stolen the watches or implicate anyone else, he would rather take the 'fall' for it all, in the hope it would correct these boys and possibly they would never do anything like that again."

The opinion repeats the assertion that appellant "* * * made statements of facts that were found to be true, which conduced to establish his guilt *such as the finding of stolen property."* (Emphasis added.) Neither can we agree to the proposition again repeated that his evidence as to finding the watches and that he did not steal them "* * * was of value in determining whether the watches were received and concealed, as charged in the second count of the indictment."

Further than the foregoing, the majority opinion does not discuss any fact which would support a conclusion contrary to the only question upon which reversal of the cause was had originally.

Ordinarily there is no value in a dissenting opinion where the disagreement is on the effect of the evidence and not the law. I feel, however, that the present case is different, and respectfully record my dissent to the opinion granting the state's motion for rehearing and affirming the case.