### W. F. JONES v. STATE.

No. 24381. June 8, 1949.
Appellant's Motion For Rehearing Overruled (Without Written Opinion) October 12, 1949.

*E. J. Conn* and *B. L. Collins*, Lufkin, for appellant.

Ernest S. Goens, State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for transporting whisky in Angelina County, which was admitted to be "dry area"; punishment assessed by the jury at a fine of $100.00.

Appellant was shown to have been a taxicab driver. The statement of facts reflects that on August 14, 1948, two employees of the liquor control board were in a car parked at a point from which they could observe the "Black Cat" which was a beer place located behind a package store in Trinity County, where the sale of beer and whisky was lawful. The officers saw appellant drive his cab to a point near the beer and· liquor stores. There was a Negro passenger, one Otto Davis, in the cab. The officers testified that Davis went into the package store and came out with a package in his hand. It was in a paper sack, and looked like a "fifth of a quart." One of the officers testified that all they sold in the package store was "whiskey and wine." After seeing Davis get into the cab with the package, the officers drove across the line into Angelina County. and parked their car. In about fifteen minutes appellant passed them with Davis in the cab. The officers followed the cab and directed appellant to stop. When they walked up to the cab, Davis had the paper sack either in his hand or in his lap. One of the officers asked him what he had and Davis replied that he had a fifth of a quart of whisky but that it had not been opened. The officers took charge of the whisky and then searched the cab but found no other liquor. They had no search warrant, or warrant of arrest.

Appellant objected to the testimony of the officers and the introduction of the whisky in evidence, contending that the search was illegal. He brings forward several bills of exception on this point, all of them qualified by the trial court to the effect that he found probable cause existed for the search of the cab. We are inclined to the view that the trial court was correct in his holding.

Appellant argues that because the whisky found was less than a quart and belonged to Davis and because he could transport it in dry area without a violation of the law, that likewise the same exemption should apply to appellant. This is the precise argument advanced in Wideman v. State, 152 Texas Crim. 177, 212 S. W. (2d) 177, from the same county and trial before the

same judge who tried the present case. Under the authority of the case mentioned, appellant's position cannot be sustained.

It was appellant's contention that he had no knowledge that Davis had the whisky until it was taken from him by the officers. Davis testified to the same effect upon this point. The evidence raised the issue as to whether appellant knew Davis had the whisky in question. The court instructed the jury that if they believed from the evidence that appellant had no knowledge that Davis had the whisky to find appellant not guilty. The issue was determined against appellant. Under all the facts we would be without authority to disturb the jury's finding.

The judgment is affirmed.