VERA BROOKS V. STATE.

No. 24707. March 22, 1950.
Rehearing Denied April 19, 1950.

R. P. Watson, Jr., of Marshall, for appellant.

*William L. Taylor,* County Attorney, Marshall, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for possession of liquor for the purpose of sale in a dry area, with a fine of $200.00 and 30 days in jail.

The appellant went into a liquor store at the Junction in Longview and, while an agent of the liquor control board was watching the place, she emerged with a small box in her hand. The officers became suspicious and watched the woman until she boarded a bus going in the direction of Marshall. They followed the bus and when it stopped at a railroad crossing in Marshall she got off the bus, with the package, and entered the automobile of her husband who was stationed there waiting for her. The officers stopped the defendant, took her package and found six pints of whisky, which is used as the basis for the prosecution.

The evidence to this effect and the introduction of the whisky was objected to on the ground that the arrest was illegal, being without a warrant. On cross-examination the officer testified that he had no warrant of arrest; that he did not take time to get one for fear of losing the defendant; that he followed her for approximately an hour and a half, at which time he placed her under arrest. Appellant did not testify in her behalf and offered no evidence in explanation of her possession of the six pints of whisky.

Both the appellant's attorney and the county attorney have filed briefs in the case which are based on the complaints in two bills of exception, going to the admissibility of the evidence under the circumstances above stated. The county attorney attacks the bills of exception. We think the bills should be considered for what they are worth. The officers did nothing unlawful in watching the liquor store; in seeing appellant come out of it with a package of the size to contain six pints of whisky; in watching her until she got on the bus; nor was it any violation of the law for them to follow the bus to see what became of her and her package.

In as much as liquor stores are limited in what they can sell under the law, and customarily sell nothing but whisky and wines, the officers naturally would take this package to contain whiskey or wine. Their suspicion was aroused and subsequent

evidence justified that. When she boarded a bus in the direction of Marshall, in a dry area, they followed her. The fact that her husband was waiting for her in an automobile at a place where buses are required by law to stop is calculated to increase their belief. This being true, all question about the admissibility of the evidence is eliminated. See Jones v. State, 153 Tex. Cr. R. 551, 223 S. W. 2d 27.

Nothing else is presented for our consideration and the judgment of conviction is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In our original opinion we held, in effect, that one who purchases whisky in a wet area and transports that whisky into a dry area violates the law prohibiting the transportation of whisky in a dry area.

Appellant challenges the correctness of the conclusions expressed and charges that they are contrary to the express provisions of Art. 666-23a, Vernon's P. C., which provides that "any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal." Walton v. State, 144 Tex. Cr. R. 335, 163 S. W. 2d 203; Hess v. State, 145 Tex. Cr. R. 343, 168 S. W. 2d 250.

The statute mentioned is an exception to the application of the statute (Art. 666-4, Vernon's P. C.) making unlawful the transportation of whisky in a dry area. Therefore, the accused, in order to receive the benefits thereof, must bring himself within the exceptions set forth.

In the instant case, the appellant made no effort to show that the exceptions mentioned in fact existed—that is, having purchased the whisky in a wet area, she was at the time transporting it for her own use. It follows, therefore, that appellant was at the time of her arrest engaged in the unlawful transportation of the whisky and that the officers were possessed of information constituting probable cause that whisky was being so transported.

We remain convinced that the search of the automobile in which appellant was riding, resulting in the finding of the six pints of whisky in her possession, was not unlawful.

The motion for rehearing is overruled.

Opinion approved by the court.