## LEROY PATTERSON v. STATE

No. 25525. December 5, 1951.

Hon. Arthur Tipps, Judge Presiding.

*Ray Martin*, Wichita Falls, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for aggravated assault; the punishment, six months in jail and a fine of $500.

The judgment, regular upon its face, shows that appellant pleaded guilty to the offense charged. By motion for new trial he claimed that he was forced and coerced into entering the plea of guilty, when in truth and in fact he was not guilty.

Several bills of exception are brought forward relative to this contention. We need only to refer to those wherein it is recited that "the defendant, Leroy Patterson, was brought into County Court in the custody of a Deputy Sheriff of Wichita County, Texas; that the Prosecuting Attorney then in open Court advised the defendant that he was charged with aggravated assault; and the Court asked the defendant how he desired to plead to such charges; that the defendant then announced that he wished to plead not guilty and asked leave to consult an attorney; that he asked for a particular attorney, to-wit: Ray Martin, a member of the Wichita County Bar; that the Prosecuting Attorney then advised the defendant that he had a right to consult his attorney and could do so, but if defendant desired to plead not guilty, the Prosecuting Attorney would take the defendant to the District Attorney of Wichita County, Texas, and have the defendant charged with assault to murder, and he could be sent to the penitentiary; that the Court then retired to his Chambers and the Prosecuting Attorney, together with the defendant and the officer having him in custody, started for the District Attorney's office; whereupon the defendant advised the prosecutor that he did not know anything about the law and would plead guilty; that the parties all returned to the County Court and the County Judge returned to the Bench and advised the defendant of his right to counsel and accepted the defendant's plea of guilty and assessed his punishment at six months in jail and $500.00 fine; that this defendant then employed counsel and filed a motion for new trial because of the deniel of his right to advise with counsel prior to entering his plea . . . ."

To these bills of exception the trial court appended a qualification, to which qualification he certified that the appellant excepted.

The trial court filed no bill of exception of his own.

It has been the long and repeated holding of this court that where the qualification to a bill of exception is excepted to by the appellant and the trial court certifies to that exception, the bill of execution is to be considered by this court as an unqualified bill of exception. Davis v. State, 121 Tex. Cr. R. 164, 51 S. W. 2d 705; Stokes v. State, 119 Tex. Cr. R. 114, 46 S. W. (2d) 976; Jenkins v. State, 118 Tex. Cr. R. 556, 40 S. W. 2d 109; Thomas v. State, 83 Tex. Cr. R. 325, 204 S. W. 999; Stewart v. State, 137 Tex. Cr. R. 39, 127 S. W. 2d 903; Dalton v. State, 150 Tex. Cr. R. 305, 202 S. W. 2d 228.

In cases where the qualification to the bill of exception is excepted to and the trial court approves the bill, it becomes his duty to prepare a court's bill if the bill of exception is not to be considered as unqualified. Stewart v. State, supra.

By the quotation from the bill of exception above set out, it is apparent that the appellant was coerced into entering his plea of guilty by the threat of the county attorney that he would have the appellant charged with assault with intent to murder, for which offense he could be sent to the penitentiary.

There is perhaps no phase of the law regarding the rights of one accused of crime that has been more zealously guarded by the courts than that which requires that a plea of guilty be freely and voluntarily entered by the accused. The legislature has expressly so provided in felony cases. Art. 501, C. C. P. That the same rule obtains in misdemeanor cases is to be found in Meeking v. State, 67 Tex. Cr. R. 69, 148 S. W. 309; Williams v. State, 93 Tex. Cr. R. 94, 245 S. W. 918; Walton v. State, 144 Tex. Cr. R. 335, 163 S. W. 2d 203.

We are constrained to conclude that by the certificate of fact contained in the bill of exception, the learned trial judge fell into error in not granting appellant a new trial.

A statement of the facts adduced upon the hearing of the motion for a new trial accompanies the record, to which the state would have us refer to defeat and contradict the certificate contained in the bill of exception. This we are not authorized to do. The statement of facts may not be referred to to defeat the certificate contained in a bill of exception, as to which the bill of exception prevails. Elkins v. State, 101 Tex. Cr. R. 377, 276 S. W. 291; Martin v. State, 107 Tex. Cr. R. 151, 295 S. W.

1098; Carroll v. State, 128 Tex. Cr. R. 46, 79 S. W. 2d 120; Dalton v. State, 150 Tex. Cr. R. 305, 202 S. W. 2d 228.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the court.