E. L. PALMER, JR., V. STATE.

No. 24479. February 1, 1950.

*H. G. Woodruff, M. W. Burch,* and *L. W. Sampson* Decatur, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of murder with malice in the killing of Louis Drain by shooting him with a gun. The jury rejected appellant's claim of self-defense, and declined to favorably act on his application for suspension of sentence. His punishment was assessed at eight years in the penitentiary.

The killing occurred on Christmas Day in 1947 in the town of Newark in Wise County.

The state offered in evidence the coat worn by the deceased, which had two holes in the back. Appellant's objection to the introduction in evidence of the coat and to its being exhibited to the jury was overruled, but the court, in admitting the evidence, limited it to the showing of the powder marks on the garment about the holes identified as bullet holes.

Many of appellant's bills of exceptions were qualified by the trial judge, and a majority of those qualified show that appellant duly excepted to such qualifications. Such exception has the effect of destroying the qualification and in the absence of bills filed by the court as his own, we are required to con-

sider appellant's bill as approved without qualification. See Winfrey v. State, 124 Tex. Cr. R. 670, 65 S. W. 2d 297, 298; and Chinn v. State, 146 Tex. Cr. R. 555, 177 S. W. 2d 68.

As so considered, appellant's Bill of Exceptions No. 8 relating to the introduction and exhibition of the coat presents error; in fact, it certifies that prejudicial error was committed by the trial court.

The trial judge in this bill certifies that the coat was introduced over the objection of the appellant; that it was exhibited in the presence and view of the jury; that it was in a dirty, filthy and blood-stained condition; that the ruling of the court in so admitting the coat for such limited purpose was error "for the reason that there was no issue in the case which could be solved by such exhibition, testimony and evidence, such action was highly damaging, harmful and prejudicial to the rights of the defendant;" that the limitation attempted to be placed on the purpose of the evidence was insufficient to remove the injury, damage and prejudice done to appellant.

Such certification of error requires that the case be reserved. See Ross v. State, 154 Tex. Cr. R. 79; 225 S. W. 2d 189; and cases there cited.

Under the facts here, testimony that on a prior occasion a gun was taken by the sheriff from a car in which appellant was riding should not have been admitted.

The judgment is reserved and the cause is remanded.

Opinion approved by the court.