JIM T. LOVETT V. STATE.

No. 24729. April 5, 1950.

484

*Dan Abbott,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a trial for the offense of operating a motor vehicle upon a public highway while intoxicated, appellant was found guilty by the jury, his punishment being assessed at a fine of $100.

The court instructed the jury that the state relied upon circumstantial evidence. The evidence is sufficient to support the conviction under such charge.

Appellant filed a motion for continuance based upon the absence of two witnesses and in such motion under oath alleged that such witnesses, if present, would testify that on the date alleged, appellant at no time was driving an automobile while he was intoxicated as alleged, and was innocent of the charge against him.

To the action of the court in overruling such motion for continuance, appellant excepted and tendered to the court his Bill of Exceptions No. 1, in which bill is found the following certification by the trial judge:

"Be is further remembered that the * * *, Judge of said court, despite defendant's said motion for a continuance, refused to grant said continuance, forced this defendant to trial, and that this defendant did not have, nor did he present a single witness in his behalf *whereby this defendant was denied a fair and impartial trial.*"

The court did not in his qualification to this bill in any way attempt to qualify the above statement. He did, over the objec-

tion of appellant, hear evidence on the question of whether or not the residence of said witnesses was in Taylor County

But in any event, appellant excepted to the qualification of his Bill of Exceptions No. 1, and said bill must therefore be considered as though approved without qualification. See Palmer v. State, 154 Tex. Cr. R. 251, 226 S. W. 2d 634; Ross v. State, 154 Tex. Cr. R. 79, 225 S. W. 2d 189, and cases there cited.

We are in no position to sustain the court's action in over-ruling appellant's motion for new trial, he certifying to us that thereby "this defendant was denied a fair and impartial trial."

The judgment is therefore reversed, and the cause remanded.

Opinion approved by the court.