JIM THURMAN LOVETT V. STATE.

No. 26,481. May 27, 1953.

*Ash and Abbott,* by *Dan Abbott,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00.

In view of our disposition of this cause, a recitation of the facts will not be necessary.

Bills of exception Nos. 1 and 2 relate to the cross-examination of appellant's fact witness Michael. Appellant had not placed his reputation as a law-abiding citizen in issue. The prosecutor asked the witness if he knew appellant's reputation for being a peaceable and law-abiding citizen. Appellant objected. The prosecutor assured the court that by taking the stand the appellant had placed such reputation in issue. The court overruled the objection. Further on in the cross-examination, the prosecutor asked the witness, "You don't know whether he has paid a fine one time before for driving while intoxicated?" Appellant then moved for a mistrial.

In the bill relating to this latter question, the court certified "that the continued persistence of the county attorney in directly inferring by improper questioning of the witness, that the defendant had been convicted of a prior offense of driving while intoxicated, which, incidently, was not true; was highly inflammatory and prejudicial and could have had the effect of causing the jury to find a verdict of guilty when they otherwise would have found the Defendant not guilty; and that the per-

sistence of the County Attorney in so improperly questioning the witness resulted in the Defendant not having a fair and impartial trial."

The court did not in any way attempt to qualify the above statement.

In Lovett v. State, 154 Tex. Cr. R. 483, 228 S. W. 2d 855, we reversed a conviction under a similar situation.

It will be noted that the appellant had not placed his reputation as a law-abiding citizen in issue. Under such a situation, the state was precluded from putting the same in issue. Branch's Ann. P. C., Sec. 148, p. 84.

The judgment is reversed and the cause remanded.