AL BROWN V. STATE.

No. 26,719. February 3, 1954.

D. F. *Sanders* and *Alto V. Watson*, Beaumont, and *Sexton &*
*Neff*, Orange, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is perjury; the punishment, two years in the
penitentiary.

Appellant did not testify.

Bills of Exception Nos. 2, 3, 4 and 5 relate to argument of
the attorney for the state.

All of these bills certify that the remarks complained of
constituted a reference, allusion, and comment upon the failure
of the defendant to testify and could not reasonably be applied
to the failure to produce testimony other than his own.

Applying the rule stated in Clary v. State, 155 Tex. Cr. Rep.
257, 234 S.W. 2d 424, and Taylor v. State, 156 Tex. Cr. Rep.
452, 243 S.W. 2d 582, and failing to find any contradiction of
the certification or a showing that the trial court was in error
in certifying that the argument violated the provisions of Art.
710 C.C.P., these bills require that the conviction be set aside.
See Brown v. State, 57 Tex. Cr. Rep. 269, 122 S.W. 565; Thomp-
son v. State, 113 Tex. Cr. Rep. 45, 19 S.W. 2d 316; and Burns
v. State, 141 Tex. Cr. Rep. 557, 150 S.W. 2d 384.

There are a number of questions raised as to the validity of
the indictment. We find the allegations to be somewhat confus-

ing and express the view that if appellant is to be further prosecuted a new indictment should be returned.

We also express the view that upon another trial, if the evidence be the same, the court should charge on circumstantial evidence and that the search warrant and affidavit should not be admitted as evidence before the jury.

The judgment is reversed and the cause remanded.