LEE POSKEY V. STATE

No. 27,048. October 13, 1954
State's Motion for Rehearing Denied December 8, 1954

*A. L. Lowery*, Nacogdoches, for appellant.

*Bob Murphy*, County Attorney, Nacogdoches, and *Wesley Dice*, State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The opinion on original submission is withdrawn and the following substituted therefor.

The offense is the possession of whisky in a dry area for the purpose of sale, with prior convictions alleged to enhance the punishment; the punishment, 12 months in jail and a fine of $400.

On the day in question an officer armed with a search warrant went to the home of appellant and there found him dressed

in a sport shirt with the tail hanging out. He ordered the appellant to raise his shirt, and when the appellant complied saw a pint of whisky in his belt.

The prior convictions alleged were proved and it was shown that the area was dry.

Bill of Exception No. 2 recites that the appellant did not testify and that the county attorney in his closing argument, among other things, said:

"I don't think he has a defense. If he has he has not shown it. Who did he put on the stand? Did they prove it was not? He didn't testify."

The court approved the bill, but qualified it by certifying that the appellant did not object and that the county attorney did not use the words "He didn't testify," and did not at any time refer to the fact that the appellant did not testify.

The appellant excepted to the court's qualification, and the court did not prepare his own bill, as it became his duty to do under Rule 372(i), Rules of Civil Procedure.

We must therefore consider the bill without the court's qualification. See Palmer v. State, 154 Texas Cr. Rep. 251, 226 S.W. 2d 634; Patterson v. State, 156 Texas Cr. Rep. 489, 244 S.W. 2d 217.

The bill as presented to the trial judge shows a clear violation of Art. 710 C.C.P. in that the county attorney alluded to and commented upon the defendant's failure to testify and calls for reversal. See Brown v. State, 159 Texas Cr. R. 357, 264 S.W. 2d 119; Jackson v. State, 129 Texas Cr. Rep. 314, 87 S.W. 2d 482; Johnson v. State, 31 Texas Cr. Rep. 464, 20 S.W. 980; Branch's Ann. P.C., Sec. 375, p. 209.

The appellant's motion for rehearing is granted, the judgment is now reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

BELCHER, Judge.

The state contends that Bill of Exception No. 2 should not be considered because the last sentence in the complained-of

argument set out in our original opinion "He didn't testify" was improperly placed therein; and further contends that if the bill be considered at all, then such last sentence being improperly included therein should not be considered and, without the last sentence, the bill fails to reflect error.

This bill, as it appears in the transcript, complies with the statutes authorizing its consideration and, as approved, contains appellant's exception to the court's qualification. This exception placed the duty on the trial judge to prepare his own bill which he failed to do, therefore the bill must be considered without said qualification.

We remain convinced that this bill reflects reversible error.

The state's motion for rehearing is overruled.

Opinion approved by the court.