COLLIN LEE MCPHERSON V. STATE

No. 27,814. January 12, 1955.
Rehearing Denied (Without Written Opinion) March 9, 1955.

*Frank D. Wear,* Paris, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for drunken driving, with punishment assessed at a fine of $50 and three days' confinement in jail.

In submitting this case to the jury, the trial court applied the punishment to the offense charged, as provided by Art. 802, Vernon's P. C., as amended by Chap. 167, Acts of the Regular Session of the 53rd Legislature in 1953, by which punishment of both a fine and confinement in jail are made mandatory.

Appellant insisted in the trial court that said act was unconstitutional and void because of the provision therein which authorizes probation by the trial court of any jail penalty assessed thereunder. In keeping with that contention, appellant requested that the punishment applied to the offense of drunken driving as it existed prior to the passage of the new act be applied, upon the theory that the penalty had not been changed.

Appellant's contention was held untenable and the new act sustained by this court in Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106. That holding was re-announced and adhered to by a majority of the court in Rowe v. State, No.

27,298, from Dallas County, delivered January 5, 1955, 276 S.W. 2d 296, in which the writer of this opinion dissented from such holding and expressed the view here entertained by the appellant.

Peace officers apprehended appellant while driving his automobile upon a public highway. They testified to the smell of intoxicating liquor on his breath and that he was, at the time, drunk and under the influence of intoxicating liquor.

Notwithstanding appellant's stout denial of his intoxication and that of a corroborating witness, the jury was authorized to accept the testimony of the state's witnesses.

The facts, therefore, warrant the jury's conclusion of guilt.

Bills of exception appear complaining of argument of state's counsel.

To each of the bills of exception, the trial court appended his qualification showing that the argument complained of was in reply to argument of appellant's counsel. The trial court, however, authenticated appellant's exception to the qualification. Such exception destroyed the qualification, and the bills are to be considered as approved without qualification. Patterson v. State, 156 Texas Cr. Rep. 489, 244 S.W. 2d 217; Lovett v. State, 154 Texas Cr. Rep. 483, 228 S.W. 2d 855; Palmer v. State, 154 Texas Cr. Rep. 251, 226 S.W. 2d 634.

The argument complained of violated no statutory mandate. If unwarranted, it was only because it was obviously hurtful and prejudicial to the appellant:

In view of the minimum punishment assessed in this case, we cannot bring ourselves to conclude that the argument complained of requires a reversal of the conviction.

The judgment is affirmed.