CHARLES JOHN BUTLER v. STATE

No. 28,670. April 10, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 5, 1957.

*Gene Bailey, Robert C. Benavides* and *James H. Martin,*
Dallas, for appellant.

*Henry M. Wade,* District Attorney, *James K. Allen, William
F. Alexander, John M. Burns* and *George P. Blackburn,* Assist-
ants District Attorney, Dallas, and *Leon Douglas,* State's At-
torney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The opinion affirming the conviction is withdrawn and the
following substituted therefor.

The offense is murder; the punishment, death.

Appellant went to his place of employment, which was some
23 to 30 minutes drive from his home, arriving at 9:45 P.M.
When he returned home shortly after 6 A.M. he called a neigh-
bor who came to the house and found the body of appellant's
wife, the deceased, lying on the kitchen floor.

The autopsy revealed that the deceased had been struck
several blows on the head and that thereafter her throat had
been cut. The time of death was fixed at about 9 P.M.

The state relied upon many circumstances to establish that
appellant was the person who murdered the deceased.

Shortly before they were left alone in their home about
9:15 P.M., appellant had asked her in a stern voice three times

to fix his lunch; he gave her a hard look when she remarked "Well, I am going to dance a little tune to the lunch box;" he inquired about the time his neighbor would be home and when the neighbor's daughter went to sleep.

After calling his neighbor and reporting that something had happened to his wife, he said he wanted to list his house for sale and was going to store the furniture, but asked the lady not to mention it in the neighborhood because he did not want to get in trouble; he stated that he thought he would go to Louisville, Kentucky; he said "Look at the house how it is all torn up" when the principal room showing the contents to have been disturbed was the bedroom, to which he had not gone; he reported some rings missing, but it developed that he had given them to a neighbor; he reported a clock which he had left for repairs at the place his wife worked was missing, and that a radio was missing. A radio of proper size to make the imprint found on the table in the living room of the house was found in his locker at the plant where he worked.

When someone said the officers would find fingerprints appellant replied "If they were not wearing gloves."

Appellant reported a money bank missing and a money change bank was seen in his suitcase thereafter.

He reported to a friend that the mixmaster had been stolen. A photograph taken after the murder showed a mixmaster on the cabinet and thereafter, and before such report was made, appellant gave the mixmaster to his neighbor Mrs. Jackson to give to her daughter.

There were other circumstances such as appellant being the beneficiary of his wife's life insurance; his anger because of her drinking which led him, on one occasion, to take her to her place of employment in a drunken condition that her co-workers might see her; and the finding of an iron bar, such as could have inflicted the wounds on the head of the deceased, behind the spare tire in the trunk of appellant's car, which bar was not there when the officers first examined the car after the killing.

There were, however, other circumstances which are not explained. A test of the blood of the deceased showed an alcoholic content of 0.226 per cent which, it was testified, showed intoxication. Yet the testimony of the witness who left appellant and the deceased alone at their home about 9:15 and a de-

fense witness who had a drink of whisky with her about 6 or 6:30 P.M. was to the effect that she was then sober.

We have concluded that Bill of Exception No. 7 certifies error in the overruling of appellant's motion for new trial based upon newly discovered evidence.

The trial court qualified appellant's Bill of Exception No. 7, but appellant excepted to the qualification and the court did not file a bill of exception of his own.

Under many decisions of this court, the bill of exception under such facts is to be considered as approved without qualification. Palmer v. State, 154 Texas Cr. Rep. 251, 226 S.W. 2d 634; Patterson v. State, 156 Texas Cr. Rep. 489, 244 S.W. 2d 217; Poskey v. State, 160 Texas Cr. Rep. 577, 273 S.W. 2d 424.

The trial court certifies in said Bill of Exception No. 7 that after verdict, appellant's counsel discovered material, pertinent and admissible testimony which was wholly unknown to appellant or his attorney before and during the trial, which testimony, had it been heard by the jury, would likely have changed or altered the verdict.

Also the bill certifies that it was not through want of diligence on the part of appellant or his counsel that such evidence was not discovered until after the verdict had been returned.

The state concedes that the foregoing, standing alone, constitutes certification of reversible error by the trial court, but points to the fact that the affidavits attached to the motion and the evidence adduced upon the hearing of the motion for new trial were made a part of the bill.

The state would invoke the rule that this court will not be bound by the conclusions of the trial judge upon facts stated from which this court is at liberty to hold that he reached an erroneous conclusion. Pounds v. State, 128 Texas Cr. Rep. 519, 81 S.W. 2d 698.

We are asked to examine the affidavits of the newly discovered witnesses relating to the presence of a hobo in the vicinity of the scene of the killing at or about the time thereof, and the testimony of appellant's counsel as to his diligence in investigating a rumor about a hobo having been in the neigh-

borhood, and to hold therefrom that the evidence to the effect that a strange white man, dressed in laborer's clothes, who appeared to be under the influence of drugs or alcohol, and who resented it when refused entrance and food at residences some five or six blocks away, was seen going in the direction of the murder scene about 7:30 or 8:00 P.M. on the night of the murder: (1) was not "material, pertinent and admissible" as certified by the trial judge; (2) would not likely have changed the verdict had the jury heard it, as the trial court has certified in the bill, and (3) that it was through want of diligence on the part of appellant or his counsel that such evidence was not discovered before the verdict had been returned, though the trial judge has certified to the contrary.

We are aware of no case where the rule relied upon by the state has been applied to the overruling of a motion such as a motion for new trial upon the ground of newly discovered evidence.

The sufficiency of the circumstantial evidence relied upon by the state is earnestly attacked and raised a question which gave us deep concern on original submission, though the conclusion was reached that it was sufficient. In view of the state's evidence, we express the view that appellant should have the opportunity to place before the jury the newly discovered evidence regarding the presence of the hobo in the community about the time of the murder.

We cannot agree that the trial court was in error in concluding that the newly discovered evidence was material, pertinent and admissible; that it would likely have changed the verdict had it been heard by the jury, and that failure to discover it before the verdict was not through want of diligence of appellant or his counsel.

If the trial judge so concluded, as the bill certifies, his failure to grant the motion shows an abuse of discretion.

Appellant's motion for rehearing is granted, the order of affirmance is set aside and the judgment is now reversed and the cause remanded.