## BOBBY KENNETH HEMMELINE V. STATE.

No. 30,005. June 28, 1958.

*Biddle, Hight and Thompson,* by *Eugene D. Biddle,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Our able state's attorney agrees that the conviction herein should be reversed. We adopt his brief as the opinion of the court.

"Appellant was convicted in the District Court of Tarrant County for the unlawful possession of morphine, and his punishment was assessed at confinement in the penitentiary for a term of fifteen years.

"In view of the State's confession of error, the facts are not discussed.

"Formal Bill of Exception No. 1 — Tr. P. 15.

"The bill shows that the Assistant District Attorney argued, 'It's a fact that (narcotic) users are pushers in order to get narcotics;' that such argument was made and was objected to on the grounds that the same injected new facts into the case and was unsworn testimony on the part of the Assistant District Attorney, and that it was prejudicial and inflammatory; that there was no evidence to support the argument hereinbefore set out; that the argument was not invited by appellant's counsel; that the court overruled his objection and refused to instruct

the jury not to consider the same. The bill was qualified by the court and the qualification was excepted to above the court's signature, and there is no court's bill of exception.

"Where there is an exception to the court's qualification the Court of Criminal Appeals must consider the bill as though approved without qualification, for exception to the court's qualification destroys the same. Appellant's bill will be considered as if approved without qualification. Lovett v. State, 154 Texas Cr. Rep. 483, 228 S.W. 2d 855; Palmer v. State, 154 Texas Cr. Rep. 251, 226 S.W. 2d 634.

"Since the bill shows that unsworn testimony was injected into the trial, it constitutes reversible error. Sparks v. State, 159 Texas Cr. Rep. 111, 261 S.W. 2d 571.

"Other matters relied upon by appellant will probably not occur on another trial."

The judgment is reversed and the cause remanded.