EDD ALLEN V. STATE

No. 31,681. April 20, 1960
Motion for Rehearing Overruled June 1, 1960

*L. B. Cooper,* Cotulla, *Sam L. Harrison,* and *Frank W. Steinle,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $100.

The state's testimony shows that the appellant resided near the town of Moore, Frio County, Texas, in a house which was located just across the road from the residence of Martin Ellison. On the night in question, two highway patrolmen, in response to a call went to the vicinity of the two residences to investigate a disturbance. The patrolmen testified that when they arrived and had stopped the patrol car in the road, they saw the appellant sitting on the front porch of the Ellison residence talking to a man; that appellant then came off the porch "staggering," walked out into the road, started across and then turned around and ran back to the porch where he sat down on a couch; that they pursued appellant to the porch where they informed him he was under arrest for being drunk; that appellant then attempted to pull a German Luger pistol from under his shirt which they took from him. Both patrolmen testified that they observed appellant from the time he left the porch until he returned and did not see him pick up a pistol during such time. It was further shown that when the pistol

was taken from appellant's person by the officers the safety was off and there was a shell in the barrel and in the clip.

Testifying as a witness in his own behalf, appellant denied being drunk on the night in question, denied that he had the pistol on his person and testified that it was lying on the couch beside him when recovered by the officers. Appellant stated that for some time he had been taking care of Mr. Ellison and his place and that he had carried the pistol to the Ellison house approximately six months prior to the night of his arrest. Appellant stated that on the night in question he had started to his house but denied that he walked out into the roadway.

The witness, Ellison, upon being called by appellant, testified that on the night in question he did not see a pistol on the appellant's person and stated that while he could not say that appellant was not drunk, appellant did not on such occasion act like one who was drunk. Other witnesses called by appellant testified that they had seen him on the day in question prior to his arrest and that on such occasions he was not drunk and did not have a gun.

The court in his charge instructed the jury to find the appellant guilty if they believed from the evidence beyond a reasonable doubt that on or about the date alleged he did unlawfully carry on and about his person a pistol. In connection therewith the court instructed the jury that it was not a violation of the law for a person to carry a pistol on his premises or premises under joint or temporary control and that if they believed that appellant was on the premises of Martin Ellison, which was the temporary residence of appellant or under "his control, joint control or temporary control" then they would find him "not guilty." The jury was further instructed to acquit the appellant if they found that he was in the act of taking his pistol home from Martin Ellison's place. The court's instructions clearly submitted to the jury all possible defenses raised by the evidence and the court did not err in refusing to submit appellant's requested charges which would have submitted nothing more than the issue of "not guilty." Gilmore v. State, 158 Tex. Cr. R. 534, 257 S. W. 2d 300 and Jones v. State, 167 Tex. Cr. R. 72, 318 S. W. 2d 444.

The evidence is sufficient to sustain the jury's verdict finding the appellant guilty as charged.

Certain formal bills of exception appear in the record. Notice

of appeal was given and the bills were filed after the effective date of the recent amendment of Art. 760d, V.A.C.C.P. The bills were refused by the court and appellant excepted to the court's action but took no further action in the matter. Under such record the bills refused by the court cannot be considered. Art. 760d, V.A.C.C.P. Wortham v. State, No. 31,529, (page 164 this volume); 333 S. W. 2d 158. The informal bills of exception appearing in the statement of facts have been considered and do not present reversible error.

The judgment is affirmed.

Opinion approved by the Court.