## BILLY JOE WILLIS V. STATE

No. 31,807. June 8, 1960

DAVIDSON, Judge, dissented.

*Tom Moore, Jr.*, and *Q. Z. Valentine,* Waco for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Billy Joe Willis was convicted for the murder of his wife, Karlyn, and the jury assessed his punishment at 50 years in the penitentiary.

Appellant resided at Waco and he and the deceased had been separated for six or seven weeks.

The deceased was working at a drive-in in Cleburne, and in the early morning hours of July 5, 1959, was riding in a pickup with George McNeil, who testified that he was taking her from the drive-in to her home. They met another car and the deceased said "that was her husband" and suggested that McNeil "take her over to her sister's."

As they turned north for this purpose the car they had met curbed them, and the driver came to the pickup, presented a pistol and said he wanted to talk to the deceased, and suggested that McNeil leave and he did. The man then left with the deceased.

McNeil could not identify the appellant at the trial but testified that the deceased had said that the man they met was her husband.

About one o'clock A.M. Police Officer Hazlett and a fellow officer followed a speeding car. When it turned into the Memorial Hospital parking lot the officers proceeded north for some 200 or 300 yards and turned around.

As they were driving back toward town, Officer Hazlett saw a man carrying a woman into the hospital and he went in.

Officer Hazlett testified that as he was entering the lobby of the hospital appellant was holding the deceased in his arms, and that he heard appellant say "My God, get a doctor, I have shot my wife."

It was shown that Officer Hazlett did not know that the car he was following was being driven by appellant, and did not know who the man was that he saw carrying a woman into the hospital until he saw him in the lobby, and that the statement made by the appellant was that above quoted.

Appellant complains of the admission of the statement testified to by Officer Hazlett, on the ground that it was not res gestae, and that appellant was under arrest when the statement, in the nature of a confession, was made. Reliance is had upon Trollinger v. State, 153 Tex. Cr. R. 364, 219 S.W. 2d 1018.

We cannot agree that appellant was under arrest when the statement was made. He was not surrendering himself to the officers, as was Trollinger. His wife was in a state of shock from the effect of a bullet wound in the abdomen, but was still alive, and appellant "was telling the two of us that he wanted a doctor."

Before the speeding car turned in at the hospital the officers were pursuing, intending "to either warn him or stop him." But when the officers saw the car stop at the hospital they "went on about our normal patrol"—"well, the car we were after turned in there at the hospital. That happens quite often, so we went on by the hospital."

If, as the officer testified, he did not know that appellant was driving the speeding car and had resumed his normal patrol when he saw a man carrying a woman into the hospital, but did not know who the man or woman was, it is difficult to understand how it can be said that this man, who proved to be appellant, was under arrest when he said he had shot his wife and wanted a doctor.

Doctor Shiflett testified that the deceased was alive when he saw her at the Memorial Hospital about 1 A.M. and that he treated her "for shock following a gunshot wound in the abdomen." She died in the doctor's presence from the gunshot wound and thereafter the bullet was removed from her body.

Appellant led officers "to where the incident happened" and a .22 caliber automatic pistol was found on the roadside a mile or more from the hospital.

Trial was had and notice of appeal was given long after the effective date of Art. 760d V.A.C.C.P. which prescribes the procedure for filing and approving bills of exception in criminal cases, and abrogates the prior holding that an exception to the court's qualification of a bill destroyed the qualification and left the bill for consideration as though approved without qualification. Wortham v. State, 169 Tex. Cr. Rep. 164, 333 S.W. 2d 158.

None of the formal bills of exception were approved as presented, the trial judge indicating his reasons by qualification and correction. Appellant declined to agree to such qualification, but excepted to the same over the judge's signature.

Art. 760d V.A.C.C.P. provides that in the event the defendant does not accept the trial court's reason for refusing to approve the bills of exception bystanders bills may be filed.

Having declined to accept the court's qualifications of his bills of exception, and having failed to file bystanders bills, appellant was left without formal bills of exception. See Wortham v. State, 169 Tex. Cr. Rep. 164, 333 S. W. 2d 158; Lair v. State, 169 Tex. Cr. Rep. 220, 333 S. W. 2d 389; Willie v. State, 169 Tex. Cr. Rep. 393, 334 S. W. 2d 159; English v. State, 338 S. W. 2d 446, No. 31,766; Allen v. State, 335 S.W. 2d 383, No. 31,681; and Wilms v. State, No. 31,862, (page 436 this volume), 334 S.W. 2d 825.

The other matters complained of not being before us by informal bills, or by formal bills under Art. 760d V.A.C.C.P., they cannot be considered.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

DAVIDSON, Judge, dissenting.

I am of the opinion that the bills of exception appearing in this record should be considered.

The notice of appeal in this case was given on November 18, 1959. The bills of exception were filed January 26, 1960, or sixty-eight days after the notice of appeal was given and within the ninety-day period allowed.

The bills of exception do not appear to have been filed with the clerk of the court prior to being presented to or acted upon by the trial judge, as authorized by the act (Art. 760d V.A.C.C.P., as amended), but were filed on the same day and after the trial judge had acted thereon by qualifying the bills of exception. As a part of the qualification, the fact that the

defendant excepted to the qualification was noted by the judge.

So here is a case where the bills of exception were qualified by the trial court over the objection and exception of the appellant and were filed within the time required by law.

When the trial court noted the exception to the qualification, the bills stood approved without qualification. Such has long been the rule. McPherson v. State, 161 Tex. Cr. R. 181, 275 S.W. 2d 685; Hemmeline v. State, 166 Tex. Cr. Rep. 458, 314 S.W. 2d 833; Butler v. State, 165 Tex. Cr. Rep. 30, 302 S.W. 2d 142; Phillips v. State, 163 Tex. Cr. R. 13, 288 S.W. 2d 775; Poskey v. State, 160 Tex. Cr. R. 577, 273 S.W. 2d 424.

So when the trial court noted appellant's exception to his qualification he approved the bills of exception, as such, without qualification.

It must be remembered that all this occurred and the trial court approved the bills of exception, without qualification, prior to the time the bills were filed with the clerk of the trial court.

Consequently, when the bills of exception were actually filed with the clerk they had been approved by the trial court without qualification, and within the time required by law.

If such be not the proper construction, then inasmuch as the bills of exception were filed by appellant with the clerk of the trial court and were not refused approval by the trial court, they must be considered as timely filed, under the provisions of the new statute.

When the legislature passed the new act, it did so charged with notice of the holdings of this court that a trial court's qualification to a bill of exception is destroyed when the trial court certifies that the qualification was over the objection of the defendant and the bill of exception stands approved without qualification.

I find nothing in the new act which destroys that rule or evidences any intention on the part of the legislature to do so. In fact the new act makes express provision touching such a situation, for it is there said:

"Nothing in this Act shall prevent the defendant and the trial judge from agreeing upon or to the correctness of the bill of exception and the filing thereof in the trial court within ninety days from the date notice of appeal was given. Such a bill of exception shall be considered as approved by the trial judge."

In refusing to consider the bills of exception, this court gives no effect to this provision of the statute which in my opinion has application here.

The bills of exception should be considered and, when considered, reversible error is reflected.

The Wortham and Willie cases, relied upon by the court as sustaining their conclusion, are wrong and ought to be overruled.

I respectfully dissent.