John Wesley PROVOST, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0052–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1981.

Discretionary Review Denied March 24, 1982.

Ken J. McLean, Houston, for appellant.

Larry P. Urquhard, Houston, for appellee.

Before BASS, DUGGAN and SMITH, JJ.

SMITH, Justice.

The appellant was charged with the offense of aggravated rape and attempted murder. Two prior felony theft convictions were alleged for enhancement purposes. On motion of the State, the aggravated rape charge was dismissed, and the appellant entered a plea of not guilty to the charge of attempted murder. The appellant was found guilty of attempted murder by the jury, and the trial judge assessed his punishment at life imprisonment.

The complainant testified that she was living with her six (6) year old son and a man named Robert Kelly. During the night of December 16, 1978, Robert Kelly and the complainant left her son at home, and drove to a residence on Newhoff, where the complainant was introduced to appellant. Shortly thereafter, the appellant and Robert Kelly later tied up complainant's hands and feet, and Kelly left. The appellant forced the complainant to have sexual intercourse with him, and later shot her in the head. He then shot her three more times. The complainant never lost consciousness. The appellant then rolled the

complainant out of the bed on to a quilt, and put her in the trunk of a car, and then drove off. The complainant was found by persons, who heard her pleas for help issuing from the trunk of a parked car, in a Woolco parking lot.

On December 16, 1978, Officer Johnson, pursuant to a dispatcher's call, went to a Woolco parking lot, where the complainant, who was lying in an ambulance, wanted to talk to him. After his conversation with the complainant, Officer Johnson went to the described residence on Newhoff Street, where he saw, through a broken window, a blood stained bed, heard scuffling noises inside, and smelled smoke. Officer Johnson called the district attorney's office, told them the complainant's story, and told them that she was confused as to where her child was. He also informed the District Attorney's office that he was at the described house and smoke was coming from it. He was advised that the safety of the child was important and to attempt to locate the child. Officer Johnson did not enter the premises at this time. He, and another police unit which had arrived on the scene, waited five to ten minutes for the fire department to arrive. Upon arriving, the fire department personnel entered the premises, discovered that the smoke was caused from smoldering cigarettes, and while searching the premises to see if there were any further sources of smoke, observed a pistol, cartridges, and the complainant's purse. The fire department personnel advised the police of the pistol, cartridges and purse, and the police, without obtaining a search warrant, entered the premises and took possession of these items.

Appellant first contends, that the warrantless search and seizure of the pistol, cartridges and purse violated his Fourth Amendment rights. He complains of the trial court denying his motion to suppress the admission of these items. He contends that the facts of this case are not such that any applicable exception to the constitutional requirement that a warrant is mandated before a search is made. The State contends that this was an emergency, and that the exigency of the circumstances warranted the police officers entering the premises and obtaining the gun, cartridges and purse.

It is well established that under certain circumstances the police may seize evidence in plain view without a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). However, where an emergency is alleged, the burden of proof is on the State to show that a warrantless search or entry falls within the emergency doctrine. *Bray v. State*, 597 S.W.2d 763 (Tex.Cr.App.1980). The State contends that an emergency existed because of the police's concern for the welfare of the complainant's son and because the premises was on fire.

We cannot concur with the State in these positions. If the police had been concerned about the welfare of the complainant's minor son and considered this an emergency, it is doubtful if they would have taken the time to (1) call the district attorney's office by telephone and discuss the circumstances of the case, (2) notify the fire department and report a fire at the premises, and (3) waited five to ten minutes for the fire department personnel to arrive.

The facts of this case reveal that there was not an emergency at the time the items were confiscated. The smoldering cigarettes had been extinguished by the fire department personnel prior to the time the police became aware that the pistol, cartridges and purse were in the house. We hold that the State failed to show that the warrantless search or entry by the police fell within the emergency doctrine, and that the trial court erred in admitting such evidence.

We next concern ourselves with the question of whether the facts of this case are such that the constitutional error of admitting the pistol, cartridges and purse into evidence was harmless error.

The test for harmless constitutional error is not whether the conviction could have been had without the improperly admitted evidence, but whether there is a

reasonable possibility that evidence complained of might have contributed to the conviction. *Clemons v. State*, 605 S.W.2d 567 (Tex.Cr.App.1980). However, the admission of tainted evidence may be harmless beyond a reasonable doubt and the improper admission of evidence may not constitute reversible error, if the same facts are proven by other evidence. In this case the complainant had given directions to the premises where the items were located, and described the house with sufficient clarity that the police had no difficulty in locating the house. She also testified that she had seen the appellant stand in one of the doorways of the premises and shoot her three times. She further testified as to the description of the pistol and her purse. The improper admission of the pistol, cartridges, and purse added nothing to the State's case. We hold that the constitutional error of the improper admission of evidence in this case was harmless beyond any reasonable doubt, since other evidence supported the jury's finding of appellant's guilt beyond a reasonable doubt. *Holcomb v. State*, 484 S.W.2d 938, cert. denied 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606 (1972).

The appellant's second ground of error complains of improper jury argument made by the prosecutor. The remarks complained of were made during the prosecutor's opening argument:

Now the very first paragraph of this Charge tells you that the Defendant had pleaded guilty. The Defendant has not pleaded innocent. He's pled not guilty. I submit to you there's a difference. That's what criminal trials are about. That's why people come down here all the time and plead not guilty and eventually go off to the penitentiary ... (objection by appellant).

The point being this is the first time the presumption of innocence is raised, and we spoke about the presumption of innocence with you. As you know and as I know the presumption of innocence is a rebuttable presumption.

Appellant contends that this was an improper statement of the law as there is no such plea of "not guilty because of innocence." He cites as authority for his position *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973); *Hemmeline v. State*, 166 Tex.Cr.R. 458, 314 S.W.2d 833 (1958); *Spinks v. State*, 157 Tex.Cr.R. 612, 252 S.W.2d 159 (1952); *Alford v. State*, 158 Tex.Cr.R. 632, 258 S.W.2d 817 (Tex.Cr.App. 1953); and *Roach v. State*, 89 Tex.Cr.R. 553, 232 S.W. 504 (1921).

All of the appellant's cited cases were reversed and remanded for improper jury argument, but we are of the opinion that such cases are distinguishable from the instant case. In each of the cited cases, the prosecutor either misstated the law or misstated the facts to such an extent that the remarks constituted reversible error.

■ Under our system of jurisprudence the State and the accused are entitled to discuss the facts admitted into evidence, and to give a reasonable explanation of the law applicable to that case. Each side is entitled to explain a legal concept as long as the example does not constitute a statement of the law contrary to that in the charge. *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr. App.1979); *Givens v. State*, 554 S.W.2d 199 (Tex.Cr.App.1977). We are of the opinion that this was an attempt by the prosecutor to distinguish between pleading not guilty and being innocent, and was not contrary to the court's charge. The district attorney's remarks to the jury were not manifestly improper, harmful, or prejudicial to the appellant. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979).

The appellant's grounds of error are overruled and the judgment of the trial court is affirmed.